**Vernon Eugene BRACEWELL,
Plaintiff-Appellant,**

v.

**NICHOLSON AIR SERVICES, INC., a Maryland Corporation doing business as Cumberland Airlines, and Cumberland Airlines, Inc., Defendant-Appellee.**

No. 81–7544.

United States Court of Appeals,
Eleventh Circuit.

July 6, 1982.

J. C. Rary, Robert P. Hoyt, Decatur, Ga., for plaintiff-appellant.

Swift, Currie, McGhee & Hiers, Glover McGhee, Atlanta, Ga., for defendant-appellee.

Before FAY, VANCE and ARNOLD *, Circuit Judges.

ARNOLD, Circuit Judge:

Vernon Eugene Bracewell appeals from the District Court's order dismissing his complaint for want of personal jurisdiction over defendant Nicholson Air Services, Inc., which does business as Cumberland Airlines. Plaintiff contends that because Cumberland sold him an airline ticket in Georgia, through its agent, it was subject to personal jurisdiction under Georgia's long-arm statute in a suit arising out of the sale. We agree that the allegations of the com-

* Honorable Richard S. Arnold, U. S. Circuit Judge for the Eighth Circuit, sitting by designation.

plaint were sufficient to withstand dismissal at the pleading stage; we therefore reverse the judgment and remand for further proceedings.

Mr. Bracewell, a Georgia resident, purchased a ticket in Georgia, from Delta Airlines, to fly via Cumberland Airlines from the Baltimore-Washington airport to the Cumberland, Maryland-West Virginia Airport. Defendant is chartered under the laws of Maryland; it does not have an office in Georgia, and it is not licensed to do business there. The complaint alleges that Delta acted as the defendant's agent in Georgia.

On December 20, 1979, Mr. Bracewell was returning from Cumberland, Maryland, to his residence in Atlanta, Georgia, on the Cumberland flight to Baltimore-Washington Airport in Maryland. He claims he sustained serious injuries when his foot caught in the disembarking ladder on Cumberland's aircraft. Mr. Bracewell filed this action alleging negligence and breach of defendant's contractual duty to deliver him safely to his destination and properly aid him in disembarking from the aircraft without injury. The complaint based personal jurisdiction on Ga.Code Ann. Sec. 24–113.-1(a) (1981), which provides (emphasis supplied):

A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an *agent*, he:

(a) Transacts any business within this State . . . .

■ A complaint should be liberally construed in favor of the plaintiff and not readily dismissed. Motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). By analogy, a motion to dismiss at the pleading stage for lack of personal jurisdiction should also be treated with caution, and denied if the plaintiff alleges sufficient facts in his complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 491 n.8 (5th Cir. 1974); see *Havens Realty Corp. v. Coleman*, —— U.S. ——, ——, 102 S.Ct. 1114, 1123, 71 L.Ed.2d 214 (1982).

■ The complaint's allegations support an inference that Cumberland Airlines is subject to personal jurisdiction on the theory that it transacted business in Georgia through its agent, Delta Airlines. It states the following:

Delta Airlines, and its ticket office in DeKalb County, Northern District of Georgia, is an *agent* for defendant in ticketing passengers on defendant's air line.

Plaintiff purchased a ticket for passage from Cumberland, Maryland to the Baltimore-Washington Airport, as part of a round-trip journey beginning and ending in Georgia. Said ticket for passage on defendant's airline *was purchased from defendant at the Delta Airlines ticket office at Northlake Mall, DeKalb County, Georgia.*

Defendant is subject to the jurisdiction of this Court and to service of process under Ga.Code Ann. Sec. 24–113.1, and Rule 4(d)(3)(7) [sic], Federal Rules of Civil Procedure, in that defendant, through its *agent*, transacted business with plaintiff in DeKalb County, Northern District of Georgia.

Designated Record, p. 4, paras. 6–8 (emphasis added). The complaint further adverts to the Georgia transaction and to the fact that the injuries resulted from it:

On December 20, 1979, Plaintiff was returning from Cumberland, Maryland, to his residence in the Northern District of Georgia, on Defendant's air line, traveling on the ticket sold to him in Georgia.

Defendants [sic] aircraft carring [sic] Plaintiff arrived at the Baltimore-Wash-

ington airport and began disembarking the passengers.

Plaintiff was injured in attempting to [sic] to disembark from Defendant's aircraft and was severely injured when his foot caught in the disembarking ladder, thereby causing Plaintiff to trip and fall down, suffering a right trimalleolar fracture.

Designated Record pp. 4–5, paras. 9–11.

At this early stage of litigation, prior to discovery, plaintiff need not make any greater showing. *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966) (per curiam); *Construction Products Corp. v. Di-Noc Chemical Arts Inc.*, 343 F.2d 166 (4th Cir. 1965) (per curiam). Information as to defendant's contacts with the State of Georgia or lack of them is necessarily more within the defendant's knowledge than the plaintiff's. Discovery may reveal that Cumberland Airlines had many agents in Georgia and that it derived substantial revenues from ticket sales in Georgia. It may show, on the other hand, that this transaction was individual and isolated and that, even if the Georgia statute is satisfied as a literal matter, it would be so unfair to subject defendant to jurisdiction in Georgia that the Due Process Clause of the Fourteenth Amendment would be violated. We hold that the complaint sufficiently alleged jurisdiction, and the judgment must therefore be reversed, but this action is without prejudice to defendant's right to reassert its jurisdictional defense, either by way of motion for summary judgment after discovery is complete, or by way of motion to dismiss after trial. Defendant's argument that jurisdiction under the Georgia statute would in any event extend only to plaintiff's breach-of-contract theory of liability, may also be addressed by the District Court after the facts have been more fully developed.

REVERSED and REMANDED.