**David C. JACKAM and Susanne Jackam, Plaintiffs-Appellants,**

v.

**HOSPITAL CORPORATION OF AMER-ICA MIDEAST, LTD. and Hospital Corporation of America, Defendants-Appellees.**

No. 85–8485.

United States Court of Appeals, Eleventh Circuit.

Oct. 8, 1986.

W. Dennis Summers, Ezra B. Jones, III, Atlanta, Ga., for plaintiffs-appellants.

Jefferson D. Kirby, III, Atlanta, Ga., for defendants-appellees.

Before GODBOLD and CLARK, Circuit Judges, and ATKINS *, Senior District Judge.

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

---

ATKINS, Senior District Judge:

Appellants Jackam appeal from an order dismissing their first amended complaint (1) because there was no basis for the exercise of personal jurisdiction over HCA Mideast, Ltd. (HCAME), and (2) on the merits for failure to state a claim against Hospital Corporation of America (HCA).

Jackam sued for breach of an employment contract to be performed in Saudi Arabia. The contract was executed by HCAME, a subsidiary and agent of HCA. HCAME executes personnel and labor relations policy for HCA (its parent). The termination (at the direction of Saudi Arabia National Guard (SANG) as permitted by the contract) was within 40 days after its execution. We find that (a) the Jackams should have been permitted an opportunity to prove the allegations of agency, intermingling of key employees, dominion and control and affiliation by and between HCA and HCAME, and (b) because paragraph No. 12 of the employment contract is ambiguous the Jackams should be permitted to introduce parole evidence to support their contention that it represents HCAME's consent to the personal jurisdiction of a court situated in Georgia. Accordingly,

WE REVERSE.

## THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

In their First Amended Complaint, the Jackams alleged:

1. HCA approved, condoned, and had full knowledge of the decision to terminate David Jackam. HCA participated in and bears responsibility for Mr. Jackam's termination.

2. Defendants HCA and HCAME are each agents of the other. HCAME, as a subsidiary of HCA, is an agent of HCA which executes personnel and labor relations policy established by the parent corporation. With regard to the termination

of plaintiff David Jackam, HCAME acted in its capacity as agent of HCA.

3. Defendant HCA is a joint employer with defendant HCAME. Due to its status as a joint employer of plaintiff Jackam, defendant HCA is liable for all damages arising out of the improper termination of Mr. Jackam's employment.

4. Defendant HCA exercised dominion and control over defendant HCAME, and as the parent corporation, controlled the actions and decisions of its subsidiary HCAME. To this end, Thomas O'Neill, Director of Administrative Placement for HCA, established the Human Resources Department for HCAME and drafted the Employee Relations manual for HCAME. In addition, Dean Inman, of the HCA corporate staff, created the salary and benefit package for HCAME's project in Saudi Arabia.

5. Defendants HCA and HCAME have exchanged and intermingled key personnel in connection with the Saudi Arabian project. During a dispute between the Saudi Arabian National Guard and the project management ... HCA personnel participated in an investigation and resolution of the dispute in May or June, 1984. In addition, as indicated above, Mr. C. Thomas O'Neill and Mr. Dean Inman of the HCA corporate staff both worked on the HCAME project and created personnel and labor relations policies for HCAME. HCA, through its corporate staff, recruited large numbers of employees from other HCA hospitals to work on HCAME's King Fahad hospital project in Saudi Arabia. As a result of the exchange and intermingling of personnel, HCA is an alter-ego of HCAME and is responsible for David Jackam's termination and the consequences following therefrom.

## THE DISTRICT COURT ORDER

In its order, denying further leave to amend the first amended complaint, the district court held (1) HCA was only the parent of HCAME, not a party to the contract, and that the other allegations "would not warrant a 'piercing of the corporate veil'"; (2) paragraph 12 of the contract was a choice of law provision—not a forum selection clause—and therefore HCAME did not consent to the district court's jurisdiction.

## STANDARD OF REVIEW

■ The trial court's granting of HCAME's Motion to Dismiss for Lack of Personal Jurisdiction must be consistent with the standard that such a motion should be denied if plaintiff alleges sufficient facts to support a reasonable inference that defendant can be subjected to jurisdiction of the court. *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103 (11th Cir.1982).

The standard by which a motion to dismiss for failure to state a claim is decided is well established. As this court held in *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d at 104, "[m]otions to dismiss for failure to state a claim should be denied unless it appears *beyond doubt that the Plaintiff can prove no set of facts in support of its claims.*" (emphasis added) A complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this claim, which would entitle him to relief. Thus the movant sustains a very high burden. *Curry v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1370 (N.D.Ga.1984), *citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Although the district court acknowledged that "Plaintiff's allegations must be accepted as true for purposes of this Motion to Dismiss," it completely ignored both established principles of law on this issue and the Jackams' amended complaint and briefs as to the various theories of liability asserted by them against HCA. Instead, the court based its order solely on the fact that, in its opinion, the Jackams failed to "pierce the corporate veil" of HCA. In effect, this was a decision on the merits. In doing so, the court misapplied the 12(b)(6) standard of review. The issue is not whether Jackams may ultimately pre-

vail on the "piercing the corporate veil" theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations.

## OTHER THEORIES ALLEGED CREATED ISSUES OF FACT

The Jackams, however, have shown that even if they are unable to ascertain facts through discovery which would support a piercing the corporate veil theory, they have nevertheless alleged other theories which would make HCA directly liable for HCAME's actions in breaching its Employment Agreement with Jackam, including theories of agency and joint employers.

■ The Jackams, in paragraph 13 of their First Amended Complaint, allege "HCAME, as a subsidiary of HCA, is an agent of HCA which executes personnel and labor relations policy established by the parent corporation." Thus, HCA established the labor and personnel policies and HCAME, acting as the agent of HCA for this purpose, executed these policies. Under Georgia law a principal is bound to the extent of the apparent authority he has conferred upon his agent. *Gilmore v. Royal Indemnity Co.*, 240 F.2d 101 (5th Cir. 1957). As Jackam stated in paragraph 14 of his Affidavit, "during my employment in Saudi Arabia and involvement with HCA and HCAME, it became apparent to me that HCA maintained a degree of control over HCAME and the operation of the King Fahad project. HCA was actively recruiting individuals from HCA hospitals in the United States to work in Saudi Arabia. The Human Resources offices of HCA drafted the employee relations manual for HCAME. The Human Resources Department was initially headed by Tom O'Neill who was and is, a Vice President of Human Resources for HCA." Whether or not these actions created a relationship between HCA and HCAME such that HCAME, in terminating Jackam, was acting within the scope of its apparent authority as agent for executing personnel and employee policies for HCA is a question of

fact. *Boque Elect. Manuf. Co. v. Coconut Grove Bank*, 269 F.2d 1, 4 (5th Cir.1959).

We hold it was error for the trial court to dismiss this action as failing to state a claim. The liability of HCA, as principal for HCAME, is a question that the Jackams are entitled to explore through discovery.

Additionally, the degree of participation of HCA in the employee relations of HCAME is demonstrated by the actions of Jackam himself. When Jackam was concerned about certain employee benefits not set forth in the written Employment Agreement, he contacted Mr. Dean Inman *at HCA* in Nashville, Tennessee. Thus, Jackam was aware of and participated in HCA's integral role in establishing contractual and personnel policies even before he entered into the contract with HCAME.

■ The Jackams also allege that HCA is directly responsible for the termination of Jackam. Although HCA attempts to refute appellants' "piercing the corporate veil theory," HCA does little to negate the direct liability of HCA. The district court fails to address this point other than citing a brief line of cases that HCA cannot be liable as the latter was not a party to the contract.

It is not necessary, however, that there be a direct contractual relationship between Jackam and HCA for the latter to be liable for the wrongful breach of contract. In *Sagers v. Yellow Freight Systems, Inc.*, 58 F.R.D. 54 (N.D.Ga.1972), the court, also faced with a motion to dismiss, found that there was a "sufficient connection" between the parent organization and the contracts in question to maintain the parent organization as a party. As in *Sagers*, the Jackams have shown, as previously indicated, a "sufficient connection" between the Employment Agreement and HCA. The stationery by HCAME recited "Affiliated with HCA—Hospital Corporation of America." HCA established labor relations and personnel policies for HCAME. An HCA employee created the salary and benefit programs for HCAME's project in

Saudi Arabia, and salary and benefits were specially set out in the employment contract.

The Jackams have alleged that HCA exercised dominion and control over Appellee HCAME, and as the parent corporation, controlled the activities and decisions of its subsidiary HCAME. This assertion is relevant in that the Jackams show that HCA exercised dominion and control in the very area in which they are now complaining—employee relations.

The above factors are also significant in determining whether HCA is liable for the breach of employment contract based on a "joint" or "single employer" theory of liability. Cases decided under the National Labor Relations Act demonstrate the importance of these indicia. The following factors generally are considered by the National Labor Relations Board in determining whether two or more companies should be treated as a single employer: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership of financial control. *Pulitzer Publishing Co. v. NLRB*, 618 F.2d 1275 (8th Cir.1980). The "common control of labor relations" has been described as a critical factor in these determinations. *Blumenfeld Theatres Circuit*, 240 NLRB 206 (1979).

The Jackams argue that the "joint" or "single employer" theory is a recognized basis for establishing liability of two or more entities. Accordingly, the Jackams should not be precluded from developing this theory when they have clearly alleged the factual prerequisites necessary to a finding of liability under joint employer doctrine.

The Jackams have thus asserted not one but several theories on which to base a cause of action against HCA. *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5th Cir.1971) is instructive:

> Over and over and over again—but apparently not often enough—this Court has stated, explained, reiterated, stressed, rephrased, and emphasized one simple long established, well publicized

Rule of Federal Procedure: A motion to dismiss for failure to state a claim should not be granted unless it appears to be a certainty that Plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. *Cook* at 506.

The district court erred in granting HCA's Motion to Dismiss for Failure to State a Claim.

## PAROL EVIDENCE SHOULD HAVE BEEN ADMITTED

The Jackams argue with persuasion that HCAME consented to the jurisdiction of the trial court in paragraph 12, of the Employment Agreement entered into between Jackam and HCAME. That paragraph provides:

> This Agreement shall be construed in accordance with the Laws and Regulations of the Kingdom of Saudi Arabia. The Employee agrees that he may seek resolution of any claims arising under this Agreement under the Saudi Labor and Workmen's Law or the laws of the country of which he is a citizen but not both. The Employee hereby waives any and all rights to seek such resolution under the Saudi Labor and Workmen's Law in the event he seeks such resolution under the laws of the country of which he is a citizen and hereby waives any and all rights to seek such resolution under the laws of the country of which he is a citizen in the event he seeks such resolution under the Saudi Labor and Workmen's Law. (R. 70).

The district court, however, in its Order of May 14, 1985, held that the subject paragraph "appears ... only to specify the law which is to govern any action brought under the contract. It is a choice of law provision, not a forum selection clause."

We agree that the first sentence of that paragraph is indeed a choice of law clause with respect to construction of the contract; it provides that the Agreement is to be construed according to the laws of Saudi Arabia. The remainder of the para-

graph is ambiguous, and the district court erred in not accepting extrinsic evidence proffered by Jackam. The second sentence reads:

> The Employee agrees that he may seek resolution of any claims arising under this Agreement under the Saudi Labor and Workmen's Law or the laws of the country of which he is a citizen but not both.

This sentence is subject to at least three meanings. Does it define what *kind of claim* can be asserted by the employee? The employee can assert:

—a *claim arising* under the Agreement *under the Saudi Arabia Workman's Law.*

—a *claim arising* under the Agreement *under* the laws of the country of which the employee is a citizen.

A claim that an employee, working under the Agreement, has because it arises under Saudi law may be different than a claim he has that arises under American law.

Or, does that second sentence describe the *law* under which the employee may seek resolution? If so, he may seek resolution:

—under Saudi law,

—or under the law of the country of citizenship

This looks like a choice of law clause. If it is, it overlaps in part the first sentence of paragraph 12.

Or, does the sentence "seek[ing] resolution ... under [Saudi law or law of country of citizenship]" though couched in terms of law, really designate available forums? If it does, how does the choice of forum relate to the choice or choices of law that will be applied by the forum in hearing and deciding the case?

Nor is this the end of the matter. If the third possible construction, i.e., that the second sentence defines forums where one can sue, does the provision operate as a consent to jurisdiction in the United States, or does it mean that a suit can be brought in the United States if jurisdiction (apart from consent implied from the form) exists?

We do not suggest the answers to these questions. We only hold that the trial court erred by not considering the parol evidence in David Jackam's affidavit. *Taylor Freezer Sales Co. v. Hydrick*, 138 Ga. App. 738, 227 S.E.2d 494 (1976).

Jackam related in his affidavit that a question concerning the interpretation of paragraph 12 came up during the orientation period. His affidavit continued "[t]he orientation class was told that the employee could file any labor claim in the country where he was a citizen, or if he desired, in Saudi Arabia.... This clause was used as a selling promotion to assure individuals who traveled to Saudi Arabia that any labor claim could be brought in their own country."

While we do not decide the issue, because it requires a factual determination by the district court and that court may find that the defendants consented to jurisdiction, there are facts in the record from which that court might find minimum contacts with the forum state. Besides telephonic and mail communications by HCAME's agent, JWAL, mentioned in the district court order, the record also reflects that both JWAL and HCA, the parent of HCAME, advertised in publications circulated in Georgia for the purpose of obtaining employees for HCAME (R. 87–88). Appellants may be able to develop the procurement of other employees through its recruitment in Georgia.

When JWAL decided on two occasions to interview David Jackam, JWAL purchased airline tickets in Atlanta, Georgia, for Mr. Jackam to travel to Toronto, Canada.

■ As with allegations of a complaint concerning sufficiency of a claim, appellants should be entitled to allege facts to support a reasonable inference of jurisdiction within the state and an opportunity for discovery. *Bracewell v. Nicholson Air Service, Inc.*, 680 F.2d 103 (11th Cir.1982). *See also, Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Gold-*

*kist, Inc. v. Baskin Robbins Ice Cream,* 623 F.2d 375 (5th Cir.1980); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King v. Macshara,* 724 F.2d 1505 (11th Cir.1984), *rev'd and rem'd on other grounds,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

### CONCLUSION

HCA is a proper party because the Jackams have alleged several tenable theories of liability under which HCA is responsible for breach of David Jackam's employment agreement. The district court erred in granting appellee's Rule 12(b)(6) motion, based primarily upon a finding that the Jackams had not pierced HCAME's corporate veil, when the first amended complaint contains other factual allegations and legal theories of liability. The district court also erred by refusing to consider parol evidence to resolve the ambiguity of paragraph No. 12 of the employment contract, by which the Jackams allege HCAME consented to the personal jurisdiction of the district court. We REVERSE with directions that the district court allow the Jackams to proceed in accordance with this opinion.