In re SOUTHEAST BANKING CORPORATION, Debtor.

William A. BRANDT, Jr., as Trustee of Southeast Banking Corporation, Plaintiff,

v.

Florence S. BASSETT, as Personal Representative of The Estate of Harry Hood Bassett, David Blumberg, Donald N. Boyce, Joseph A. Boyd, M. Anthony Burns, Edward D. Duda, Alfonso Fanjul, Jr., James J. Forese, R. Ray Goode, H.C. Henry, Jr., Melvin Jacobs, Kenneth O. Johnson, Nicholas deb. Katzenbach, James W. McLamore, G. Dodson Mathias, Willie C. Robinson, Charles D. Towers, Jr., Dorothy C. Weaver, J. Steven Wilson, and Charles J. Zwick, Defendants.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Southeast Bank, N.A., Intervenor–Plaintiff,

v.

William A. BRANDT, Jr., as Trustee of Southeast Banking Corporation, Defendant.

No. 92–1600–CIV.

United States District Court, S.D. Florida.

May 3, 1994.

J. Joseph Bainton, Ross and Hardies, New York City, Mark D. Bloom, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for plaintiff.

Aaron Samuel Podhurst, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, Stuart J. Baskin, New York City, for defendants Donald N. Boyce, Joseph A. Boyd, M. Anthony Burns, Edward D. Duda, Alfonso Fanjul, Jr., James J. Forese, R. Ray Goode, H.C. Henry, Jr., Melven Jacobs, Kenneth O. Johnson, Nicholas deB. Katzenbach, James W. McLamore, Willie C. Robinson, Charles D. Towers, Jr., Dorothy C. Weaver and J. Steven Wilson.

Michael Nachwalter, Kenny, Nachwalter, Seymour, Arnold & Critchlow, Miami, FL, for defendant Charles J. Zwick.

Edward Soto, Baker & McKenzie, Miami, FL, for defendant G. Dodson Mathias.

Karen Wildau, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, Neal Shniderman, Adorno & Zeder, Miami, FL, for F.D.I.C.

## *MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT*

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss the Sec-

ond Amended Complaint, file dated February 22, 1994. The Court has considered the motion and the briefs filed in response thereto, the oral argument of counsel, the applicable law and the pertinent portions of the record, and is otherwise fully advised in the premises. Based thereon, and for the following reasons, this Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss the Second Amended Complaint.

### Factual and Procedural Background

This action was brought by plaintiff, William A. Brandt, as Bankruptcy Chapter 7 successor Trustee of Southeast Banking Corporation ("Southeast" or "the holding company"), against the former officers and directors of Southeast and Southeast Bank ("SEBNA" or "the Bank") on or about June 24, 1992. The Bank is the wholly owned subsidiary corporation of the holding company.

On July 21, 1993, the Court ruled that the Trustee may proceed in this action on non-derivative direct claims, and that under the language of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(2)(A)(i) (1988), all derivative claims belonged to the Federal Deposit Insurance Corporation ("FDIC"), as the successor in interest to the Bank. See In re Southeast Banking Corporation, 827 F.Supp. 742 (S.D.Fla.1993).[1] Accordingly, the Court dismissed all derivative claims stated in the Trustee's original complaint, with leave to amend to assert any direct claims the Trustee may have against the defendants. The Court further found that the allegations relating to Southeast's acquisition of two thrift institutions, First Federal & Loan Association of Jacksonville ("First Federal") and South Florida Savings, as well as those relating to the payment of certain dividends authorized by the Defendants to Southeast's shareholders, may sustain direct claims against the officers and directors of the holding company. Id. at 746. The Court did not limit the direct claims to those allegations.

Thereafter, the Trustee filed a First Amended Complaint, which, upon the Defendants' motion to dismiss, was dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure. The Court again granted leave to amend. In dismissing the First Amended Complaint, the Court stated that since defendants James J. Forese's and Charles D. Towers, Jr.'s respective tenure as directors of the holding company was much more limited than that of the other named defendants, the Trustee was to allege with greatest specificity those acts of conduct by these individuals for which they allegedly are liable.

On February 2, 1994, the Trustee filed a Second Amended Complaint and Demand for Jury Trial (the "Second Amended Complaint"), alleging breach of the duty to refrain from acting in conscious disregard of the best interests of Southeast pursuant to Fla.Stat. § 607.0831 (West 1993). See Second Amended Complaint at ¶ 27. On February 22, 1994, the Defendants moved to dismiss the Second Amended Complaint on the grounds that certain allegations therein impermissibly state derivative claims, that certain allegations are barred by the statute of limitations, that certain allegations fail to state a cause of action, and that the Second Amended Complaint fails to state with the greatest specificity those wrongful acts with respect to defendants Forese and Towers, as directed in the Court's January 14, 1994 Order. A hearing on the motion to dismiss was held on April 18, 1994.

### Discussion

#### A. ALLEGATIONS ASSERTING DERIVATIVE CLAIMS AGAINST THE DEFENDANTS ARE DISMISSED

■ The Defendants argue that paragraphs 54 and 55(a) of the Second Amended Complaint (relating to the lending practices of Southeast's subsidiaries and the alleged understatement of Southeast's consolidated loan loss reserves, substandard loans and the like), paragraph 55(b) (relating to the effects

---

1. A "derivative claim" was defined as "a wrong to an incorporated group as a whole that depletes or destroys corporate assets and, as a consequence, reduces the value of the corpora-

tion's stock," Southeast Banking Corp., 827 F.Supp. at 745, whereas a "direct claim" was defined as one "arising from breaches of duties owed to the holding company." Id. at 748.

of the 1986 Tax Reform Act on Southeast's and its subsidiaries' real estate loans), and paragraph 55(c) (pertaining to the alleged overstatement of Southeast's assets, equity and capital) are mere replicas of paragraphs 14(b), 24(a)(iii) and 24(b), respectively, of the original complaint. They point out that paragraphs 14(b), 24(a)(iii) and 24(b) were previously dismissed as pleading classic derivative claims belonging exclusively to the FDIC. *See Southeast Banking Corp.*, 827 F.Supp. at 746. The Trustee, on the other hand, contends that the allegations at issue state a direct cause of action against the Defendants.

The Court has carefully reviewed, considered and compared paragraphs 54, 55(a), 55(b) and 55(c) of the Second Amended Complaint with paragraphs 14(b), 24(a)(iii) and 24(b) of the original complaint and based thereon, finds that there is no meaningful change in the new allegations contained in the Second Amended Complaint. As this matter has already been addressed by the Court in *Southeast Banking Corp., supra*, the averments in paragraphs 28(d), 54, 55(a)–(c) and 56 of the Second Amended Complaint are hereby DISMISSED as alleging derivative claims.

### B. THE STATUTE OF LIMITATIONS PRECLUDES ALL CLAIMS IN THE SECOND AMENDED COMPLAINT THAT ACCRUED BEFORE SEPTEMBER 20, 1987

■ Earlier in this litigation, the parties had agreed that the applicable four-year statute of limitations, when read in conjunction with the Bankruptcy Code, forecloses all claims that arose before September 20, 1987. *See Southeast Banking Corp.*, 827 F.Supp. at 748. The Defendants now move to dismiss the Second Amended Complaint to the extent it alleges events that occurred prior to September 20, 1987. Notwithstanding his prior agreement,[2] the Trustee argues for the first time that he may maintain any claim for damages accruing before September 20, 1987

under the adverse domination doctrine. He now claims that the adverse domination doctrine tolled the statute of limitations until the appointment of a trustee for Southeast. This Court disagrees. Beside the fact that the Trustee has wholly failed to plead the adverse domination doctrine in the Second Amended Complaint, the Court finds that said doctrine is inapplicable on the merits to the facts of this case.

■ Under the doctrine of adverse domination, a statute of limitations is tolled on an action against director/officer misconduct so long as a majority of the board is dominated by the alleged wrongdoers. *See F.D.I.C. v. Cocke*, 7 F.3d 396, 402 (4th Cir.1993); *F.D.I.C. v. Gonzalez–Gorrondona*, 833 F.Supp. 1545, 1556 (S.D.Fla.1993); *F.D.I.C. v. Hudson*, 673 F.Supp. 1039, 1042 (D.Kan. 1987). The doctrine rests on the theory that if the wrongdoers controlled the board, there would be no one to sue them since the wrongdoers' control results in the concealment of any causes of action from those who otherwise might be able to protect the corporation. *Gonzalez–Gorrondona*, 833 F.Supp. at 1557; *F.D.I.C. v. Williams*, 599 F.Supp. 1184, 1193–94 (D.Md.1984); *F.D.I.C. v. Bird*, 516 F.Supp. 647, 650 (D.P.R.1981).

The Trustee's cause of action against the Defendants herein arises solely under Florida state law and therefore, this Court will look to Florida law for the applicable statute of limitations period and tolling provisions. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 746, 100 S.Ct. 1978, 1982, 64 L.Ed.2d 659 (1980) (in federal court action based on state law, tolling of the statute of limitations is based on state law).

■ Florida's tolling statute, Fla.Stat. § 95.051 (West Supp.1994), enumerates the specific circumstances that toll the statute of limitations. Only those circumstances expressly provided by the statute will toll the statute of limitations. *See* Fla.Stat. § 95.-051(2) ("No disability or other reason shall

---

**2.** In a brief previously filed in this action, the Trustee argued that "for purposes of the applicable statute of limitations, the Trustee may maintain any claims for damages accruing on or after *September 20, 1987 ...*" *See* Plaintiff's Memorandum of Law in Opposition to Defendants'

Motion to Dismiss [original complaint] at 41–42 (November 24, 1992) (emphasis in original). This argument amounts to a judicial admission by the Trustee that the applicable statute of limitations precludes all claims arising before September 20, 1987.

toll the running of any statute of limitations except those specified in this section ...."); *Webb v. Chambly,* 584 So.2d 216, 217 (Fla. 4th DCA 1991) (Section 95.051 "limits tolling of statutes of limitations to the circumstances set out within"). A reading of section 95.051 readily reveals that the doctrine of adverse domination is not among those tolling circumstances recognized by Florida statute. In addition, the Court has found no authority that indicates that the Florida courts have adopted the doctrine. Thus, neither Florida statutes nor Florida case law recognize a tolling of a limitations period under the circumstances contemplated by the doctrine of adverse domination.

For the foregoing reasons, the Court finds that the doctrine of adverse domination is not applicable to this action. Under the four-year statute of limitations, in conjunction with section 108(a) of the Bankruptcy Code, the Trustee may assert a claim for causes of action that arose on or after September 20, 1987. Any and all claims that accrued prior to that date are barred by the applicable statute of limitations. Accordingly, paragraphs 30, 31, 32, 45, 46, 47 and 48 of the Second Amended Complaint, and those portions of paragraphs 33, 35, 44 and 57 alleging events that occurred prior to September 20, 1987, are hereby DISMISSED.

## C. THE ACTION IS DISMISSED AS TO DEFENDANTS JAMES J. FORESE AND CHARLES D. TOWERS, JR.

■ On January 14, 1994, the Court ordered that in the Second Amended Complaint, the Trustee must "allege with greatest specificity those acts of defendants Forese and Towers for which Plaintiff claims said defendants are liable." The Trustee responded by attaching to the Second Amended Complaint four charts that purport to show the terms of service of each defendant with respect to the particular allegations made in the complaint. These charts hardly suffice to allege with any specificity, much less with "greatest specificity," those acts for

which defendants Forese and Tower are allegedly liable. Based on the Trustee's failure to comply with the January 14, 1994 Order and on said defendants' relatively short tenures as directors, the Court hereby DISMISSES this action as to defendants James J. Forese and Charles D. Towers, Jr.

## D. ALLEGATIONS REGARDING THE DECLARATION AND PAYMENT OF CERTAIN DIVIDENDS STATE A CAUSE OF ACTION

Paragraphs 51 through 53 of the Second Amended Complaint allege that the Defendants consciously disregarded the best interests of Southeast by authorizing the payment of certain dividends at a time when the holding company's financial condition was extremely poor, in order to conceal their mismanagement of Southeast from its shareholders. *See* Second Amended Complaint at ¶¶ 51–53. The Defendants assert that these averments fail to state a claim because said payments did not violate Fla.Stat. § 607.-06401(3), the Florida statute governing the declaration and payment of dividends, and because said dividends were nondiscriminatory in nature. The Court finds otherwise.

■ The standard by which a motion to dismiss for failure to state a claim is well established. The Eleventh Circuit has held that "[m]otions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims." *Jackam v. Hospital Corporation of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986) (quoting *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982)); *see also, Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A complaint must not be dismissed unless it is shown that the plaintiff can prove no set of facts in support of the claim, which would entitle him to relief. *Jackam,* 800 F.2d at 1579. In addition, in determining a motion to dismiss, the plaintiff's allegations must be accepted as true and viewed in the light most favorable to the plaintiff.[3] Under the afore-

---

**3.** *See Peterson v. Atlanta Housing Authority,* 998 F.2d 904, 911 (11th Cir.1993) (all allegations in complaint must be taken as true and read in the light most favorable to plaintiff); *GSW, Inc. v. Long County, Georgia,* 999 F.2d 1508, 1510 (11th Cir.1993) (all facts set forth in the complaint are

mentioned standard, "the movant sustains a very high burden." *Jackam*, 800 F.2d at 1579.

The Defendants herein have failed to sustain this "very high burden." Accepting as true all of the Trustee's allegations regarding the dividend payments, this Court can not say at this juncture that the Trustee can prove *no* set of facts to support a claim.

The Defendants strenuously argue that there can be no liability where the payment of dividends complied with Fla.Stat. § 607.06401(3). A similar argument was made with respect to corresponding Delaware law in *Ivanhoe Partners v. Newmont Mining Corp.*, 533 A.2d 585 (Del.Ch.1987), *affirmed*, 535 A.2d 1334 (Del.1987). The court in *Ivanhoe Partners* held that even though the declaration and payment of dividends may have been in accord with the applicable laws governing the same, a cause of action may exist in the following two situations:

> this Court can interfere with the Board's decision to pay the dividend only if (a) the dividend was the product of self-dealing and the directors fail to prove that the dividend is entirely fair, or if (b) no self-dealing is present and the plaintiff is able to prove that the dividend "... cannot be grounded on any reasonable business objective."

*Ivanhoe Partners*, 533 A.2d at 602 (quoting *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 721 (Del.1971), *affirmed*, 332 A.2d 139 (Del. 1975)).[4]

The Second Amended Complaint alleges that "the payment of the dividends was not grounded on any reasonable business objective" and that "the dividends were paid for the purpose of masking the Defendants' mismanagement of Southeast." *See* Second Amended Complaint at ¶ 53. These allegations, as stated, do state a claim under the

principles articulated in *Ivanhoe Partners* and *Sinclair Oil.*

The Court further notes that attached as Exhibit G to the Second Amended Complaint is a list of the dividend payments at issue. This list specifies the type of stock on which the dividend was paid, the amount per share paid, the declaration date, record date and payment date, and more than adequately gives the Defendants fair notice of the dividends in dispute.

**E. ALLEGATIONS REGARDING THE POTENTIAL MERGER AND THE THRIFT ACQUISITIONS SATISFY RULE 8(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In the January 14, 1994 Order, the Court reiterated the applicability of the pleading standard and principles set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), to this action. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court of the United States has held that:

> ... all the Rules require is "a short and plain statement of the claim" that will give the defendants fair notice of what the plaintiffs' claim is and the grounds upon which it rests.

*Conley*, 355 U.S. at 47, 78 S.Ct. at 103. Having carefully reviewed the Second Amended Complaint, the Court is satisfied that it meets this pleading standard.

Paragraphs 30 through 43 of the Second Amended Complaint allege that the Defendants consciously disregarded their legal duties by repeatedly refusing to consider in good faith whether a proposed merger with Barnett Banks of Florida, Inc. ("Barnett") was in the best interests of Southeast. Such refusal, the Trustee avers, was motivat-

---

to be accepted as true); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (court must "take as true" "all well pleaded" facts alleged in complaint).

**4.** Following the lead of the Eleventh Circuit, this Court relies with confidence upon Delaware law

to construe Florida corporate law. As recognized by the Eleventh Circuit, "[t]he Florida courts have relied upon Delaware corporate law to establish their own corporate doctrines." *International Insurance Co. v. Johns*, 874 F.2d 1447, 1459, n. 22 (11th Cir.1989).

ed by the Defendants' desire to entrench themselves in office. *See* Second Amended Complaint at ¶¶ 33, 40. The Trustee further alleges that a merger between Southeast and Barnett would have been in the best interests of Southeast and that the Defendants' breach of their duty to give good faith consideration to the proposal caused substantial economic damage to Southeast. *See* Second Amended Complaint at ¶¶ 41, 42.

■ The Defendants move to dismiss paragraphs 30 through 43 of the Second Amended Complaint on the ground that they specify no concrete *offer* that the Defendants refused to consider. That there was or was not an actual offer by Barnett to merge with Southeast is irrelevant. The Fifth Circuit in *Schilling v. Belcher*, 582 F.2d 995, 1005 (5th Cir.1978), concluded that under Florida law, directors may be liable for corporate losses resulting from practices primarily designed to maintain themselves in control. In *International Insurance Co. v. Johns*, 874 F.2d 1447, 1459 (11th Cir.1989), the Eleventh Circuit stated that "[b]ecause of the desire for entrenchment in this context, courts review the board's enactment of takeover defenses with closer scrutiny." It continued that to be entitled to the shield of the business judgment rule, the directors are required to show good faith, reasonable investigation, and a reasonable relationship between the defensive measure and the perceived threat. *Id.* at 1459.

Based on the allegations in the Second Amended Complaint, in particular, that the Defendants consciously disregarded their legal duties by failing to consider the potential merger in good faith, that said actions or inactions were taken for the purpose of maintaining themselves in control, and that Southeast sustained damages as a result thereof, the Court finds that the Trustee has stated a cause of action under the principles articulat-

ed in *Schilling* and *International Insurance*.[5]

Moreover, unlike the First Amended Complaint which the Court dismissed as general and vague, the Second Amended Complaint specifies the particular merger at issue, the relevant time period, the particular individuals involved and other details. Taken as a whole, and to the extent they aver events that are not barred by the statute of limitations, the allegations contained in paragraphs 30 through 43 of the Amended Complaint are sufficiently pleaded to withstand a motion to dismiss.

■ Similarly, to the extent not barred by the statute of limitations, the allegations relating to Southeast's acquisitions of First Federal and South Florida Savings are sufficiently pleaded under Rule 8(a) and *Conley, supra.* The Second Amended Complaint alleges that the Defendants negotiated, recommended and authorized the acquisition of these two thrift institutions for the purpose of entrenchment and as a deterrence to future hostile takeovers, in conscious disregard of the best interests of Southeast, resulting in substantial financial damage to Southeast. *See* Second Amended Complaint at ¶¶ 44–50. These allegations, taken as true, appear to state a claim against the Defendants under *Schilling* and *International Insurance*.[6]

### Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that:

1. The Defendants' Motion to Dismiss the Second Amended Complaint is hereby GRANTED IN PART and DENIED IN PART. All derivative claims (paragraphs 28(d), 54, 55(a)–(c) and 56 of the Second Amended Complaint) and all allegations that violate the applicable statute of limitations (paragraphs 30–32, 45–48 and portions of 33,

---

5. In their moving papers and at oral argument, the Defendants assert that they did consider the possibility of a merger between Southeast and Barnett, and that there was no entrenchment purpose. These arguments go to the merits of the Trustee's allegations and are irrelevant for the purpose of determining whether the Second Amended Complaint pleads sufficient allegations to survive a motion to dismiss.

6. The applicability of the business judgment rule to this action will likely be litigated at the trial of this case. However, as the Court previously stated, the fact-based business judgment rule defense should not be considered in a motion to dismiss. *See Southeast Banking Corp.*, 827 F.Supp. at 748.

**361**

35, 44 and 57) are hereby DISMISSED. All causes of action alleged against defendants James J. Forese and Charles D. Towers, Jr. are also hereby DISMISSED. The motion to dismiss is DENIED in all other respects.

2. The causes of action that remain viable against the named defendants, with the exception of defendants Forese and Towers, Jr., are hereby summarized as follows:

a. The payment of the dividends specified in Exhibit G to the Second Amended Complaint that allegedly were not grounded on any reasonable business objective.

b. To the extent that they accrued prior to September 20, 1987, claims relating to the acquisition of the two aforementioned thrift institutions, First Federal and South Florida Savings, for the purpose of entrenchment and as a deterrence to future hostile takeovers.

c. To the extent that they accrued prior to September 20, 1987, claims relating to the possible merger between Southeast and Barnett that allegedly was not considered in good faith by the defendants due to their alleged entrenchment desires.

3. The causes of action that are not viable against the defendants and that will not hereinafter be addressed further are:

a. Any and all claims that state a derivative cause of action, as defined and addressed in *In re Southeast Banking Corporation,* 827 F.Supp. 742 (S.D.Fla.1993). Said derivative claims include those relating to the lending activities and practices of Southeast's subsidiaries, including the Bank, to the alleged understatement of Southeast's consolidated loan loss reserves, substandard loan and problem loans, to the alleged adverse effects of the 1986 Tax Reform Act on the real estate loans of Southeast and it subsidiaries, to the alleged overstatement of Southeast's assets, equity and capital and other alleged mismanagement of Southeast's subsidiaries. *See* Second Amended Complaint at ¶¶ 28(d), 55–56.

b. Any and all claims that arose before September 20, 1987 are barred by the applicable statute of limitations.

c. Any and all simple negligence claims.

4. All defendants remaining as parties to this action SHALL file an answer to the Second Amended Complaint as it relates to each respectively within twenty (20) days from the date of this Order.[7]

5. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby directs the entry of a final judgment dismissing all claims in the Second Amended Complaint as they relate to defendants James J. Forese and Charles D. Towers, Jr., and dismissing the claims specified in paragraph 3 above (i.e., paragraphs 28(d), 30–32, 45–48, 54, 55(a)–(c) and 56, and portions of paragraphs 33, 35, 44 and 57 of the Second Amended Complaint) as they relate to the remaining defendants, upon the express determination that there is no just reason for delay.

DONE AND ORDERED.

[7]. The Court understands that Chief Judge Norman C. Roettger has instructed the Clerk of this Court to reassign this case to another judge in this district.