Larry Alan ENNIS, Plaintiff,

v.

Betty TEAGUE, Defendant.

Civ. A. No. 95–D–59–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 7, 1995.

Larry Alan Ennis, Birmingham, AL, pro se.

Horace N. Lynn, Andrew W. Redd, Alabama Dept. of Corrections, Legal Div., Montgomery, AL, for defendant.

**MEMORANDUM OPINION**

De MENT, District Judge.

Before the court is Defendant's Motion to Dismiss Complaint, filed March 2, 1995. For reasons contained herein, the court finds that Defendant's motion is due to be granted.

### Jurisdiction & Venue

Plaintiff contends that Defendants deprived him of a constitutionally protected right in denying him access to his inmate records; therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1331.[1] Personal jurisdiction and venue are not contested.

### Background

According to the complaint, Larry Ennis requested a copy of his inmate file on numerous occasions.[2] Defendant, Betty Teague,[3] allegedly denied Plaintiff's request and purportedly communicated to Plaintiff that, without a court order, he could not receive a copy of his inmate record. Nowhere in Plaintiff's petition does he allege that he offered to pay the copying fee for obtaining his record. Plaintiff filed this action on January 27, 1995, alleging that Defendant somehow violated his constitutional right to have access to his prison file. On March 2, 1995, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### Discussion

The movant on motion to dismiss for failure to state a cause upon which relief may be

---

1. Section 1331, Title 28 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution ... of the United States."

2. Plaintiff is an inmate in an Alabama correctional facility.

3. In his complaint, Plaintiff refers to Ms. Teague as the guardian of the correctional facility's records.

granted "sustains a very high burden." [4] *Jackam v. Hospital Corporation of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The United States Eleventh Circuit Court of Appeals has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982)).

In the present action, Plaintiff seeks to gain access to his prison records. In *Tarlton v. United States of America,* 430 F.2d 1351 (5th Cir.1970), the court affirmed the trial court's ruling that "prison records of inmates are confidential and are not subject to inspection by the public nor the inmate concerned." *Tarlton,* 430 F.2d at 1351–52 (citing *Cook v. Willingham,* 400 F.2d 885 (10th Cir.1968)).[5]

In light of *Tarlton,* the court finds that Defendants have met their burden by demonstrating that Plaintiff can not prove a set of facts which would forge his triumph in this action. However, the court states unequivocally that while Plaintiff has no constitutional entitlement to a free copy of his record, he may obtain *appropriate* records upon payment of the requisite and reasonable copying fee. Plaintiff must pay this fee notwithstanding the fact that he is proceeding *in forma pauperis* and *pro se. See Besselaar v. Lewis,* No. 90–A–1277–N (M.D.Ala. July 16, 1991) (Albritton, J.) (citing *Toliver v. Community Action Comm'n to Help the Economy, Inc.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) *aff'd* 800 F.2d 1128 (2d Cir.), *cert. denied,* 479 U.S. 863, 107 S.Ct. 217, 93 L.Ed.2d 146 (1986)). Therefore, it is

CONSIDERED and ORDERED that Defendant's Motion to Dismiss Complaint be and the same is hereby GRANTED.

A judgment in accordance with this memorandum opinion shall be entered separately.

### *JUDGMENT*

In accordance with the attached memorandum opinion and Rule 54 of the *Federal Rules of Civil Procedure,* it is CONSIDERED and ORDERED that Defendants' motion to dismiss for failure to state a claim upon which relief may be granted be and the same is hereby GRANTED. It is further

CONSIDERED and ORDERED that Plaintiff's complaint be and the same is hereby DISMISSED *without prejudice* regarding the procuring of the records sought only after Plaintiff has tendered the requisite and reasonable record copying fee. It is further

CONSIDERED and ORDERED that Plaintiff's complaint be and the same is hereby DISMISSED *with prejudice* in all other concerns.

---

4. Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

5. Decisions rendered by the United States Fifth Circuit Court of Appeals prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).