Robert NABORS, et al., Plaintiffs,

v.

TRANSOUTH FINANCIAL CORP.,
et al., Defendants.

Johnny JOHNSON, et al., Plaintiffs,

v.

TRANSOUTH FINANCIAL CORP.,
et al., Defendants.

Patricia MITCHELL, et al., Plaintiffs,

v.

TRANSOUTH FINANCIAL CORP.,
et al., Defendants.

Civil Action Nos. 96–D–264–N,
96–D–266–N, 96–D–267–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 8, 1996.

Christian Edward Roberson, Donald P. McKenna, Jr., Taylor & Taylor, Birmingham, AL, for plaintiffs.

Richard H. Gill, John Fairley McDonald, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are defendant Phylis Roney's ("Ms. Roney") identical motions filed February 16, 1996, to dismiss each of the plaintiffs' complaints against her pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* The plaintiffs filed a joint response on March 6, 1996, in opposition to Ms. Roney's motions. In their response, the plaintiffs also included a motion to remand the above-styled actions to the Circuit Court of Barbour County. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that Ms. Roney's motions to dismiss are due to be denied and that the plaintiffs motion to remand is due to be granted.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

■ Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

■ On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." [1] *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir. 1982)); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## PROCEDURAL HISTORY AND FACTS

The plaintiffs filed their complaints in the Circuit Court of Barbour County on January 17, 1996. Defendants TranSouth Financial

---

**1.** Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

Corporation ("TranSouth") and Associates Financial Life Insurance Corporation ("AFLIC") subsequently removed each of the above-styled actions to this court on February 16, 1996, alleging that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, notwithstanding the existence of a non-diverse defendant, namely Ms. Roney. In regard to Ms. Roney, TranSouth and AFLIC allege in their notices of removal that she has been fraudulently joined as a party defendant in each action solely to defeat the court's diversity jurisdiction. On the same day that TranSouth and AFLIC filed their notice of removal in each of the above-styled actions, Ms. Roney filed her motions to dismiss the plaintiffs' complaints against her.

The defendants properly note that the plaintiffs' complaints, each alleging identical counts, only assert one count against Ms. Roney—Count V alleging, in essence, that while acting as a branch manager of defendant TranSouth Financial Corporation ("TranSouth") Ms. Roney negligently and/or wantonly failed to supervise her fellow employees. The defendants contend that a claim for negligent and/or wanton supervision can only be brought against an employer. As such, the defendants further contend that Ms. Roney has been fraudulently joined because the plaintiffs can state no viable claim against her. The plaintiffs, on the other hand, argue that a claim for negligent supervision can be brought against employee-supervisors as well as employers. Therefore, the plaintiffs contend that Ms. Roney is a proper party defendant to the above-styled actions.

■ The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the forum state, joins a resident citizen defendant with a nonresident citizen defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times,* 308 F.2d 474, 477 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). In *Parks,* the court held that

[t]here can be no fraudulent joinder unless it be clear that there can be no recovery

under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.

*Id.* at 478.

■ When determining whether a defendant was fraudulently joined, the court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983). If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *Coker,* 709 F.2d at 1440 (citing *Parks,* 308 F.2d at 477–78). "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker,* 709 F.2d at 1440). The determination of whether a non-diverse defendant has been fraudulently joined to destroy diversity should be based on the plaintiff's pleadings at the time of removal. *Autrey v. United Cos. Lending Corp.,* 872 F.Supp. 925, 929 (S.D.Ala.1995) (De Ment, J.).

■ The court notes that because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Therefore, all doubts must be resolved in favor of a remand to state court. *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala. 1992).

Based on the aforementioned case law, the sole question before the court is whether, under Alabama law, an action for negligent and/or wanton supervision can only be brought against an employer. If the court finds that an action for negligent and/or wanton supervision may only be brought against an employer, then Ms. Roney has been fraudulently joined. If, however, the court finds that it is unclear whether an action for

negligent and/or wanton supervision may only be brought against an employer, the court must deny Ms. Roney's motion to dismiss and grant the plaintiffs' motion to remand.

The plaintiffs direct the court's attention to the Alabama Code in support of their position that Ms. Roney may be sued for negligent and/or wanton supervision. Section 6–11–27 of the Alabama Code, which forms part of the basis for a negligent and/or wanton supervision claim, states in pertinent part as follows:

> (a) A principal, employer, **or other master** shall not be liable for punitive damages for intentional wrongful conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either (i) knew or should have known of the unfitness of the agent, employee, or servant, and **employed him or continued to employ him, or used his services without proper instruction** with a disregard of the rights and safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent servant or employee were calculated to or did benefit the principal, employer **or other master,** except where the plaintiff knowingly participated with the agent, servant or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

Ala.Code § 6–11–27 (emphasis added). The plaintiffs argue that the statute's reference to "other masters" indicates that the cause of action for negligent supervision may be brought against non-employers as well as employers. Not surprisingly, the defendants maintain that "other masters" is simply another term for employer. Because the court believes that either of the two interpretations is reasonable, the court finds that the Alabama Code provides no clear guidance on the aforementioned dispositive question.

The plaintiffs also cite several Alabama Supreme Court decisions wherein the Court indirectly recognizes a cause of action for negligent and/or wanton supervision against a co-employee supervisor or manager in addition to the employer. *See Doe v. Swift,* 570 So.2d 1209, 1212 (Ala.1990) (Court upheld summary judgment in favor of defendants in action for sexual harassment against alleged sexual harasser and negligent supervision against his co-employee supervisor, but noted that "**negligent supervision** is within the line and scope of a **supervisor's** official duties" (citations omitted) (emphasis added)); *Phillips v. Thomas,* 555 So.2d 81, 82, 84 (Ala. 1989) (Court reversed summary judgment in favor of one employee-supervisor and upheld summary judgment as to another employee-supervisor based on immunity in action by parents of injured child against two employee-supervisors of the Alabama Department of Human Resources for negligent supervision); *Nance v. Matthews,* 622 So.2d 297, 299 (Ala.1993) (Although Court ultimately dismissed action on other grounds, student sued principal, school nurse, and the supervisor of special education services for negligent supervision). In each of these cases, a non-employer was sued for negligent supervision and the Alabama Supreme Court made no mention of the unavailability of a remedy for negligent supervision against a non-employer.

The defendants also cite several cases in support of their position that a cause of action for negligent supervision will not lie against a non-employer. *See Ledbetter v. United American Ins. Co.,* 624 So.2d 1371, 1373 (Ala.1993) ("To avoid a summary judgment on [a] negligent supervision claim **against an employer** ... [a] plaintiff[ ] must show by affirmative proof that the alleged incompetence of the employee was actually known to the employer or was discoverable by the employer if it had exercised care and proper diligence." (citations omitted) (emphasis added)); *Big B, Inc., v. Cottingham,* 634 So.2d 999, 1003 (Ala.1993) (Defendant employer referred to as "master" in action by plaintiff **against employer** for negligent supervision and training (emphasis added)). Neither of these cases directly addresses the issue before the court because each case involved a negligent supervision claim brought **solely** against an employer rather than against both the employer and the employer's supervisor-employee.

Based on the foregoing, the court finds that it is unclear whether a cause of action for negligent and/or wanton supervision against a non-employer exists under Alabama law. Thus, the court finds that Ms. Roney has failed to prove "**beyond doubt** that the plaintiff[s] can prove no set of facts in support of [their] claim [for negligent supervision]." [2] *Jackam*, 800 F.2d at 1579 (citations omitted) (emphasis added). Thus, the court finds that Ms. Roney's motions to dismiss are due to be denied. Similarly, the court notes that because there is **a possibility that a** state court would find that the complaint states a cause of action against Ms. Roney, Ms. Roney has not been fraudulently joined and should be considered a party defendant for purposes of determining diversity jurisdiction. *See Coker*, 709 F.2d at 1440 (citations omitted). Consequently, the court finds that plaintiffs' motion to remand is due to be granted.

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that defendant Phylis Roney's motions to dismiss be and the same are hereby DENIED.

It is further CONSIDERED and ORDERED that plaintiffs' joint motion to remand be and the same is hereby GRANTED and that the above-styled actions be and the same are hereby REMANDED to the Circuit Court of Barbour County, Alabama.

The clerk is DIRECTED to take the appropriate steps to effectuate said remands.

---

2. The court emphasizes that it makes no determination on whether an action for negligent and/or wanton supervision actually exists under Alabama law; instead, the court merely notes that the relevant case law indicates that such an action might exist under Alabama law.