Joseph W. LITTLE, Plaintiff,

Honorable Karl B. Grube, Honorable Nath C. Doughtie, Plaintiffs–Appellants,

v.

FLORIDA DEPARTMENT OF STATE, Jim Smith, Secretary, Defendants–Appellees.

No. 93–2848.

United States Court of Appeals, Eleventh Circuit.

April 15, 1994.

Robert C. Widman, Sarasota, FL, for plaintiffs-appellants.

Joseph W. Little, pro se.

Louis F. Hubener, Office of Atty. Gen., Tallahassee, FL, for defendants-appellees.

Before ANDERSON and BIRCH, Circuit Judges, and ALBRITTON *, District Judge.

PER CURIAM:

The only issue raised by appellant in this appeal is a challenge to the constitutionality of the filing fee.** We reject this challenge for the following reasons articulated by Judge Maurice M. Paul in his July 21, 1992, opinion which granted summary judgment for appellee:

## FACTS

A person who seeks elected judicial office in Florida must comply with certain conditions precedent before he/she becomes eligible to campaign for, and be elected to, the sought-after position. *See* Fla.Stat. chs. 105.011–.10 (1991). One of these conditions forms the basis of this suit.

> Each candidate qualifying for election to judicial office, except write-in judicial candidates, shall, during the time for qualifying, pay to the officer with whom he qualifies a qualifying fee, which shall consist of a filing fee and an election assessment, or qualify by the alternative method.

Fla.Stat. ch. 105.031(3) (1991).

So for a person to run for elected judicial office, he/she must either pay the filing fee or qualify by the alternative method. The alternative method allows a candidate

---

* Honorable W. Harold Albritton, III, U.S. District Judge for the Middle District of Alabama, sitting by designation.

** In the district court, appellants also challenged the necessity of filing an oath in order to qualify for the alternative to paying the filing fee, i.e., inability to pay without imposing an undue burden on resources. The district court struck the oath requirement, thus holding that the statement regarding ability to pay could be made without oath. Appellees did not cross-appeal this judgment against them.

to qualify without paying the fee, so long as he/she (a) submits a petition with a specified number of signatures, and (b) files an oath with the proper official stating that he/she is unable to pay the fee without imposing an undue burden on his/her resources. Fla.Stat. ch. 105.035 (1991).

Plaintiffs argue that the filing fee itself violates both the First and Fourteenth Amendments to the United States Constitution. They also attack the oath requirement as violative of the Equal Protection Clause of the Fourteenth Amendment.[1]

### DISCUSSION

*(1) The Motions for Summary Judgment*

Plaintiffs (doc. 11) and defendant (doc. 21) have filed cross-motions for summary judgment. Plaintiffs have separately filed a response to defendant's motion for summary judgment (doc. 27).

.    .    .    .    .

*(a) The Filing Fee*[2]

"The amount of the filing fee is 4.5% of the annual salary of the office sought." Fla.Stat. ch. 105.031(3) (1991). It is undisputed that a filing fee as a part of the qualifications for seeking elected office does not run afoul of the constitution where, as in Florida, an alternative method is also available. *Bullock v. Carter*, 405 U.S. 134, 145, 92 S.Ct. 849, 857 [31 L.Ed.2d 92] (1972). Additionally, in *Adams v. Askew* a filing fee of up to five percent (5%) of the salary of the state office sought was upheld against various constitutional challenges. 511 F.2d 700, 704–05 (5th Cir. 1975).[3] The existence of this fee, as well as its amount, both pass constitutional muster.

Plaintiffs' true challenge is to the manner in which the funds are allocated. They argue that because the allocation of the fee paid by judicial candidates differs from that for non-judicial candidates, the apportionment violates the guarantees of Equal Protection. Plaintiffs continue that the chosen appropriation violates their rights under the First Amendment.

Both arguments are without merit. The Supreme Court rejected a challenge quite similar to this one in *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612 [46 L.Ed.2d 659] (1976). Plaintiffs in *Buckley* challenged the election campaign check-off provision on tax returns,[4] and asserted that they should be able to designate which candidate their donation would be used to support. In rejecting this challenge, the Court wrote the following:

> The fallacy of appellants' argument is therefore apparent; every appropriation made by Congress uses public money in a manner to which some taxpayers object.... Congress need not provide a mechanism for allowing taxpayers to designate the means in which their particular tax dollars are spent.

*Id.* at 669 & n. 125, 91 S.Ct. at 91–92 & n. 125 [at 91–92 & n. 125, 96 S.Ct. at 669 & n. 125].

The situation here is virtually identical. Money in the form of filing fees is deposited into general revenue for use therein and in the campaign trust fund. Once the existence and amount of the fee is found to pass constitutional muster, as set forth above, this appropriation is the only matter that remains for objection. The above makes clear that such an objection will not be heard.

Plaintiffs attempt to distinguish this situation from *Buckley* on the grounds that this filing fee is involuntary, whereas the check-off is voluntary. This attempted distinction fails on two (2) separate grounds. First, not every candidate seeking to run for office *must* pay the filing fee. The Supreme Court has expressly held that an alternative to payment of the filing fee *must* be provided, *Lubin v. Parrish [Panish]*, 415 U.S. 709, 94 S.Ct. 1315 [39 L.Ed.2d 702] (1974), and Florida has followed this mandate. *See* Fla.Stat. ch. 105.-035 (1991). Payment of the fee, then, is not involuntary.[5]

Secondly, the holding in *Buckley* was not founded or dependent on a characterization of the check-off donation as voluntary. Absent such a showing, this asserted distinction, while possibly true in fact, *see supra* note 5, is an insufficient ground for this court to hold contrary to *Buckley*.

In short, the challenges plaintiffs raise to this filing fee have been before raised and rejected, and need not be revisited and reversed. Plaintiffs' Motion for Summary Judgment as it pertains to the filing fee is DENIED. Defendant's Motion for Summary Judgment as to the same is GRANTED.

---

[1] Footnote omitted.

[2] In addition to the filing fee, candidates for judicial office, unless using the alternative qualifying method, must also pay an election assessment fee. Fla.Stat. ch. 105.031(3) (1991). "This assessment is not challenged in this action." Doc. 11 (Plaintiffs' Motion for Summary Judgment) at 3.

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[4] These provisions allow taxpayers, at their option, to donate money from their taxes to an election campaign fund.

[5] This holding is strengthened by the remainder of this order dealing with the oath requirement as part of the alternative qualifying method. [Remainder of footnote omitted].

.    .    .    .    .

Opinion of District Court (July 21, 1992).

Accordingly, the judgment of the district court is AFFIRMED.