**Rudolph HARRIS, Plaintiff,**

v.

**Pam IORIO, et al., Defendants.**

**No. 95–1628–Civ–T–24(E).**

United States District Court,
M.D. Florida,
Tampa Division.

April 19, 1996.

Rudolph Harris, Tampa, FL, pro se.

Jerry M. Gewirtz, City Attorney's Office, Tampa, FL, for defendants.

## *ORDER*

BUCKLEW, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss Complaint with Prejudice (Doc. No. 3, filed October 19, 1995). Plaintiff filed a response on November 13, 1995 (Doc. No. 5). The Court heard oral argument on the motion on April 19, 1996.

Plaintiff's complaint alleges a constitutional challenge to § 8.05 of the Related Laws of the City of Tampa. Plaintiff's complaint essentially alleges that this law improperly imposes upon candidates for public office a filing fee of five percent of the annual salary of the office and that any qualifying fee is a violation of federal laws governing the right to vote. Although not clearly alleged in the complaint, the Plaintiff, in his response to the Defendants' motion and at oral argument, asserted an argument that the City of Tampa is preempted from enacting an ordinance imposing a filing fee by Fla.Stat. § 99.093, entitled "Municipal candidates; election assessment."

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bank v. Pitt,* 928 F.2d 1108, 1111–12 (11th Cir.1991) (citing

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. All that is required is "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his theories, but whether.the allegations are sufficient to allow them to conduct discovery in an attempt to prove allegations. *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986).

### Standing

■ The Court finds that the Plaintiff lacks standing to bring this action. The Plaintiff has suffered no adverse impact as a result of the ordinance as applied to him.[1] The Plaintiff establishes in his complaint that the qualifying fee imposed by Fla.Stat. § 99.093(1) was waived for him for an undue personal burden on personal resources pursuant to Fla.Stat. § 99.093(2), and the Plaintiff paid the qualifying fee imposed by § 8.03 of the Related Laws of the City. of Tampa. The Plaintiff participated in the election and ran for Tampa City Council. Accordingly, the Plaintiff suffered no injury. The Plaintiff asserts that had he not been required to pay the qualifying fee he could have utilized those funds for campaigning. This assertion, however, does not rise to the level of an equal protection violation or a constitutional claim.

Although not alleged by the complaint, the Plaintiff, in his response to the motion, seems to be making an argument that the cumulative effect of the state qualifying fee plus the city qualifying fee constitutes a constitutional rights violation. However, the Plaintiff still lacks standing to challenge the cumulative effect of the state and city qualifying fees because the state qualifying fee was waived for the Plaintiff, and, again, he participated in the city election. Therefore, the Plaintiff suffered no adverse impact from the cumula-

tive effect of the state and city qualifying fees.

■ Accordingly, the Plaintiff lacks standing to bring an action based upon the constitutionality of the ordinance as applied to him. However, even if the Plaintiff had standing to bring the claim, this Court would grant the motion to dismiss based on the facial constitutional challenge to the ordinance and would lack jurisdiction over the other issues asserted by the Plaintiff. In order to have jurisdiction in this case, the Plaintiff must allege a federal question arising under the Constitution, laws or treaties of the United States in his complaint.

### Constitutional Challenges to the City Ordinance

■ An examination of § 8.05 of the Related Laws of the City of Tampa reveals that it provides two *alternative* means for candidates to gain access to the ballot for an elected office. A candidate may pay a qualifying fee in a sum equal to five percent of the annual salary of the office sought, *or* file a qualifying petition bearing the genuine signatures of electors equal to one percent of the population of the district.

The Eleventh Circuit has recently held that "a filing fee as part of the qualifications for seeking elected office does not run afoul of the constitution where, as in Florida, an alternative method is also available." *Little v. ·Florida Dep't of State,* 19 F.3d 4, 5 (11th Cir.1994) (citing *Bullock v. Carter,* 405 U.S. 134, 145, 92 S.Ct. 849, 857, 31 L.Ed.2d 92 (1972)), *cert. denied,* —— U.S. ——, 115 S.Ct. 483, 130 L.Ed.2d 396 (1994). The Court further noted that a filing fee of up to five percent of the salary of the office sought has been upheld against various constitutional challenges. *Id.* at 5 (citing *Adams v. Askew,* 511 F.2d 700, 704–05 (5th Cir.1975)).

The United States Supreme Court and the Eleventh Circuit have repeatedly upheld the constitutionality of petition signature requirements of at least one percent. *See Burdick v. Takushi,* 504 U.S. 428, 435 n. 3, 112

---

1. *See Adams v. Askew,* 511 F.2d 700, 704 (5th Cir.1975) (candidates for state office who were financially able to pay filing fees lacked standing

to assert rights of indigent candidates and voters).

S.Ct. 2059, 2064 n. 3, 119 L.Ed.2d 245 (1992); *Libertarian Party v. State of Fla.*, 710 F.2d 790, 793–94 (11th Cir.1983) (Florida's three percent petitioning requirement, in regard to ballot access for minority party candidates, was not unconstitutionally burdensome).

Accordingly, the ordinance itself is not unconstitutional on its face based upon the requirement of qualifying fee of five percent of the annual salary of the office because there is an alternative means for gaining access to the ballot via qualifying petition, and a motion to dismiss would be granted on this claim.

In addition, it does not appear that the Plaintiff is asserting a claim for equal protection in the application of the ordinance to the Plaintiff because the Plaintiff, himself, asserts that all the candidates were subject to the ordinance.

*Preemption*

Although not alleged in his complaint, the Plaintiff emphasized at oral argument that the issue in this case was one of preemption, i.e., the City of Tampa cannot enact an ordinance assessing a qualifying fee when the State of Florida has already enacted a statute addressing this issue.

The Plaintiff asserted that this Court has jurisdiction over this issue pursuant to 28 U.S.C. § 1367, which gives the Court supplemental jurisdiction over state claims when it has original jurisdiction over related claims. This Court, however, has no original jurisdiction in this case and, therefore, cannot assert supplemental jurisdiction over any state claims.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss Complaint with Prejudice (Doc. No. 3) is **GRANTED.**

(2) The Clerk is directed to CLOSE this case.

DONE AND ORDERED.