PER CURIAM.
Appellant contests here the trial court’s finding that his ejectment action against appellees was barred by the seven-year statute of limitations for adverse possession of land. The record reveals that appellees built a fence on part of appellant’s Walton County land late in 1960. In 1966, before the running of the limitation period, appellant brought a suit in equity seeking to quiet title in the land. On appellees’ motion, however, the court dismissed that suit (without prejudice) and quashed process in the cause. Appellant then brought this ejectment action at law against appellees in October of 1968, well after the running of the limitation period. The trial court held that because the court had dismissed the earlier suit in equity and quashed process, the statute of limitations had not been tolled by that suit and therefore appellees had established their claim to adverse possession at the time of this second suit.
We affirm the trial court’s judgment. It is a well-established rule that an unsuccessful suit does not break the continuity of adverse possession, 51 Am.Jur.2d 808, Limitation of Actions, § 301. Where as here an action to try title to real estate fails or does not result in a judgment in favor of the plaintiff, it does not have the effect of suspending or tolling the running of the statute of limitations in an independent action. 3 Am.Jur.2d 175, Adverse Possession, § 92. Deas v. Burnham, 65 So.2d 297 (Fla.1953), cited by appellant, is not to the contrary. There the court had transferred the equity suit to the law side of the docket pursuant to a motion by the plaintiff. The Florida Supreme Court held that the subsequent proceedings at law were a continuation of the original suit so that the statute of limitations had been tolled at the time the original process was served. The situation is different here. Under Fla.R.Civ.P. 1.040 there are no longer two forms of action — law and equity, but only one form known as “civil action.” Had appellant desired to amend his original complaint to quiet title and allege a suit in ejectment, he should have requested leave to do so. But since that suit was dismissed and thereafter became final, no appeal having been taken, appellant’s subsequent ejectment suit was a completely new cause of action for which the statute of limitations had already run. The lower court is
AFFIRMED.
McCORD, C. J., BOYER, J., and McLANE, RALPH M., Associate Judge, concur.