555 So.2d 1262 (1989)
Lawrence Edward QUEEN, Appellant,
v.
CLEARWATER ELECTRIC, INC., and David John McInnis, Appellees.
No. 88-03415.
District Court of Appeal of Florida, Second District.
December 15, 1989.
As Corrected on Denial of Rehearing January 26, 1990.
*1263 Ricci & Roberts, P.A., and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
William K. Bennett of Bradham & Bennett, P.A., St. Petersburg, for appellees.
PARKER, Judge.
Lawrence Queen appeals a final summary judgment entered in favor of Clearwater Electric, Inc. and David John McInnis. This final order had the effect of barring Queen's personal injury lawsuit against Clearwater Electric and McInnis. We reverse.
Queen was seriously injured in an automobile accident which occurred on December 21, 1984, involving a vehicle driven by McInnis. The vehicle was owned by Ken Marks Ford and leased to McInnis' employer, Clearwater Electric. As a result of the accident, Queen, who is an attorney, can no longer practice law and has damages, which a jury could easily evaluate well in excess of a million dollars.
Clearwater Electric is the named insured on a policy with Iowa National Mutual Insurance Company (Iowa National), which covers both Clearwater Electric and McInnis for $1,250,000. Ken Marks Ford also owns a five million dollar insurance policy covering McInnis and the vehicle involved in the accident.
Prior to Queen's lawsuit being filed, Iowa National became insolvent and went into receivership. Pursuant to chapter 631, Florida Statutes (1983), the State of Florida was appointed the receiver. The court order making that appointment provided that all claims against Iowa National had to be filed with the ancillary receiver on or before October 10, 1986, or they would be barred.
Queen filed his personal injury lawsuit in June 1986, against Ken Marks Ford, Clearwater Electric, and McInnis. During discovery, it was learned that at the time of the accident McInnis' blood alcohol level was 2.26, well in excess of the statutory intoxication level. Queen filed a motion to *1264 amend his complaint to allege punitive damages against McInnis and Clearwater Electric. The trial court ruled that, if it allowed the amendment, it would also grant a continuance of the trial scheduled for October 1987. Queen's attorney decided to withdraw the claim for punitive damages at that time without prejudice to raise the claim at a later date, rather than have the trial continued.
During the trial, a witnesses' statement before the jury caused a mistrial to be declared. Thereafter, the trial judge and a successor trial judge would not allow Queen to amend his pleadings to allege punitive damages. In May 1988, Queen voluntarily dismissed without prejudice McInnis and Clearwater Electric from his pending lawsuit.[1] Later in May 1988, Queen filed this case against McInnis and Clearwater Electric, which included allegations of punitive damages.
Both Clearwater Electric and McInnis answered Queen's complaint and raised the one-year limitations period contained in sections 95.11(5)(d) and 631.68, Florida Statutes (1983), as an affirmative defense. Thereafter, Clearwater Electric and McInnis filed motions for summary judgment arguing that because Iowa National had become insolvent, by application of these statutes, Queen was required to file this action against them as the insureds under Iowa National's policy within one year of the deadline for filing claims with Iowa National's receiver. Because this second lawsuit was not filed within that one-year period, Clearwater Electric and McInnis argued that Queen's claim against not only the Florida Insurance Guaranty Association as successor to Iowa National, but also against them, was barred. Based on this argument, the trial court granted the motions for summary judgment.
Chapter 631, Florida Statutes (1983) establishes procedures for the Florida Department of Insurance to deal with insurers having financial difficulties and for the payment of covered claims of insolvent insurers within certain limitations specified under this chapter. Part II of the chapter referred to as the Florida Insurance Guaranty Association Act (FIGA) creates a non-profit corporation to provide a mechanism to guaranty and pay certain claims on behalf of insolvent insurers. § 631.51, Fla. Stat. (1983). The recovery guaranteed under FIGA is limited to amounts between $100 and $300,000 to a single claimant for each covered claim as defined under that chapter. § 631.57, Fla. Stat. (1983).
The extent, if any, to which Queen is barred from pursuing his claim against the insureds, Clearwater Electric and McInnis, centers upon our construction of the statutes set forth below. The relevant portion of section 95.11, Florida Statutes (1983) provides:
Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
... .
(5) WITHIN ONE YEAR. 
... .
(d) An action against any guaranty association and its insured, with the period running from the date of the deadline for filing claims in the order of liquidation.
Section 631.68, Florida Statutes (1983) provides:
Limitation; certain actions.  A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within 1 year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured.
Section 631.54(3), Florida Statutes (1983) defines a "covered claim" to be
[A]n unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer after October 1, 1970, and the claimant or insured is a *1265 resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state.
Applying the above definition of a covered claim, we find that Queen's claim under Iowa National's policy constitutes a covered claim under FIGA to the extent of the $1,250,000 policy limit which is unpaid. Queen's personal injury claim was unpaid at the time the trial court entered summary judgment for Clearwater Electric and McInnis. Although Queen potentially could recover for that claim under Ken Marks Ford's policy, that possibility of recovery in no way represents a paid claim under any reasonable interpretation of that term. Clearwater Electric's and McInnis' argument to the contrary is therefore factually incorrect.
The question then remains whether by the application of the preceding statutes Queen is barred from proceeding against Clearwater Electric and McInnis to the extent of the $1,250,000 coverage. We conclude that he is so barred.
Subsection (d) was added to section 95.11(5) in conjunction with a 1983 amendment to section 631.68,[2] whose effect was to apply also the one-year bar to claims filed against the insured through FIGA. Ch. 83-38, Laws of Fla. Previously, section 631.68 had established a one-year limitations period only upon claims filed against the insolvent insurer through FIGA. Both of these statutes, therefore, must be read in pari materia to obtain a consistent result.
Queen argues that the only claim which is barred under either statute is a covered claim filed against the association and the insured after the one-year period, the and being interpreted in the conjunctive to mean a claim against both. Such an interpretation, however, would be inconsistent with the nonjoinder statute which generally prohibits the joinder of the insurance carrier in a liability action against the insured. See § 627.7262, Fla. Stat. (1983). In this instance, because the association takes the place of the insolvent insurer, Iowa National (see § 631.57(1)(b)), Queen in most instances[3] would be unable to sue both the association and the insured simultaneously. See § 627.7262.
If, as Queen argues the only claims subject to the one-year bar imposed by these limitations statutes are those claims against both FIGA and the insured, these statutes would have little, if any, effect in narrowing the period for bringing those claims, which was the sole purpose for their enactment. Therefore, the only rational construction which can be accorded those statutes when read together is that an action against the insured and/or[4] the association arising out of the coverage provided by the insolvent carrier is barred if not instituted within the one-year time. This interpretation is consistent with the liberal construction which is required of the Florida Insurance Guaranty Association Act. § 631.53, Fla. Stat. (1983). It is also a "liberal construction in furtherance of [the statutes'] manifest object." Smith v. City of Arcadia, 185 So.2d 762, 767 (Fla. 2d DCA 1966).
By application of these statutes as construed above, Queen is barred from pursuing a claim against Clearwater Electric and McInnis to the extent of $1,250,000, which represents the covered claim in this instance. The trial court committed its error in ruling that Queen's personal injury action was barred in toto. These statutes do not restrict Queen's claim for damages against the insureds beyond the $1,250,000 covered claim amount. As to Queen's entitlement to compensatory damages above *1266 the $1,250,000 level, there appears to be no statutory bar to Queen seeking to recover those amounts.[5] Nor do these statutes present any obstacle to Queen pursuing his claim for punitive damages. Florida public policy prohibits liability insurance coverage for punitive damages assessed against a person because of his wrongful conduct. U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983). Therefore, punitive damages could not fall within the "covered claim" provisions of section 631.54.[6] We hold that a jury verdict awarding any compensatory damages to Queen also would permit a jury award of punitive damages if it is otherwise proper. The fact that Queen is precluded from recovering compensatory damages to the extent of $1,250,000 does not alter that holding. This court has held previously that if a jury specifically finds that plaintiff suffered an injury as the result of an automobile accident and denies an award of compensatory damages only because of the defendant's tort immunity under the no-fault statutes, an award of punitive damages is nevertheless allowable if otherwise appropriate. Nales v. State Farm Mut. Auto Ins. Co., 398 So.2d 455 (Fla. 2d DCA 1981), review denied, 408 So.2d 1092 (Fla. 1981).
Queen further argues that by shortening the statute of limitations from four years to one year under sections 95.11 and 631.68, the legislature has effectively denied his constitutional right to have access to the courts under Article I, section 21 of the Florida Constitution. Initially, we observe that Queen never raised this issue in the trial court, which is necessary to preserve the issue for this appeal. See Manning v. State, 461 So.2d 1025 (Fla. 4th DCA 1985). Further, in addressing the statute of repose in section 95.11(3)(c), Florida Statutes (1983), our supreme court observed that there is no constitutional violation under the access to the courts provision of the Florida Constitution when a statute merely shortens the time period during which an action may be brought to a reasonable time, as opposed to enacting a statute which operates as an absolute bar to bringing an action. Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984). Also, in an analogous situation the third district in Fernandez v. Florida Insurance Guaranty Ass'n, Inc., 383 So.2d 974 (Fla. 3d DCA 1980), review denied, 389 So.2d 1109 (Fla. 1980), denied an "access to the courts" challenge to a statute (§ 631.66, Fla. Stat. (1979)) which precluded a badfaith case against FIGA stating
[A]bsent Chapter 631, FIGA would not exist and there would be no effective remedy to recover on any claims whatever against insolvent insurers, there can be no constitutional infirmity in the legislature's decision to limit those newly-created rights and, in effect, not to establish an additional one.
Fernandez, 383 So.2d at 976 (citations omitted). Because we find the one-year limitation in this instance to be a reasonable restriction upon Queen's right to access the courts, we reject Queen's constitutional attack on the above statutes on that basis.
For the reasons previously explained, we reverse the order of summary judgment barring Queen's cause of action against Clearwater Electric and McInnis and remand this case to the trial court for proceedings consistent with this opinion.
Reversed and remanded with directions.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Ken Marks Ford remained a party in the original lawsuit, which proceeded in the trial court.
[2] The legislative history of the 1983 amendment to section 631.68 indicates that the statute of limitations section 95.11 is also amended to reflect this amendment.
[3] We note in passing that certain exceptions exist to the nonjoinder provisions which would allow a claim or action to be maintained against both the insurer and the insured. In those few instances, the term and as it is used in sections 95.11(5)(d) and 631.68 could be given its conjunctive meaning.
[4] "And" may sometimes be construed as "or." Land & Lake Ass'n v. Conklin, 182 A.D. 546, 170 N.Y.S. 427, 428 (1918).
[5] We note that Queen intentionally declined to file a claim in the insolvency proceeding to avoid the possibility of a release. See § 631.193, Fla. Stat. (1983). Even the statutory release which results from the filing of a claim is only a release "to the extent of the coverage or policy limits provided by the insolvent insurer." Id.
[6] Since the issue is not before us, we do not discuss the liability of Clearwater Electric as the employer individually for punitive damages arising from injuries caused by McInnis, the negligent employee-driver. See Mercury Motors Express Inc. v. Smith, 393 So.2d 545 (Fla. 1981); Morrison v. Hugger, 369 So.2d 614 (Fla. 2d DCA 1979); and Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1977).