FARMER, Judge.
Plaintiffs in a personal injury action appeal a summary judgment holding that their claims are barred by the statutes of limitations. Their insurance carrier became insolvent and plaintiffs initially filed their action within one year after the deadline for filing claims with FIGA, as required by sections 95.11(5)(d) and 631.68, Florida Statutes. The deadline was Janu *217 ary 16, 1988, and plaintiffs originally filed on October 23, 1987.
As it happens, however, they voluntarily dismissed that action on April 5, 1989. They then refiled the same action more than nine months later on January 18, 1990. Defendant moved for summary judgment on his statutes of limitations defense, arguing that the refiled action was commenced outside the limitations period and that the previous filing should be disregarded for limitations purposes. Plaintiffs responded, and make the same argument here, that they did file within the prescribed period and have thus satisfied the statute. Moreover, they argue, these statutes are merely conditions precedent to suit rather than limitations periods and they have plainly satisfied the policies behind them by their first filing. Additionally, they contend that rule 1.420(a)(1) allows them one voluntary dismissal without prejudice and that the limitations periods should be thus tolled by their first filing.
We have considerable difficulty in reading section 95.11(5)(d) as a mere “condition precedent to suit”, because its plain language requires that actions “shall be commenced within” the various periods set out afterwards. We also find insurmountable the language in section 95.051, Florida Statutes, which limits tolling of statutes of limitations to the circumstances set out within, none of which include those present here.
That leaves plaintiffs’ simple argument that they did originally file within the prescribed period, and the rule allowed them one free dismissal without prejudice. To them, the bar of the statute of limitations against their refiled action constitutes the very kind of prejudice that the rule says they are entitled to be without. There is an implication in their argument that a suspension of the statute by operation of rule 1.420(a)(1) should somehow be different from a tolling of the statute within the meaning of section 95.051.
Whatever kind of juristic charms their argument may have some day as an abstract matter, it breaks down entirely with the history involved here. If when they filed their original action they had x days remaining on the limitations period, it would seem that even their analysis would require at least that they then refile within x days, or even some shorter but reasonable period. Here they did not do so. Inexplicably, they waited months to revisit the courthouse with their claims.
Hence, even assuming any merit to their simple notion, they cannot seriously contend that the refiling can be done whenever they get around to it. Even if there were any merit to their contention, there would have to be some limits on such a refiling, surely at least within the unused part of the original period or some other reasonable alternative. In this case, there was no such alacrity. The summary judgment must be
AFFIRMED.
DOWNEY and GUNTHER, JJ„ concur.