802 So.2d 483 (2001)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellant,
v.
Wayne JONES, Appellee.
No. 3D01-587.
District Court of Appeal of Florida, Third District.
December 26, 2001.
Dittmar & Hauser, P.A., and Helen Ann Hauser, Coconut Grove, for appellant.
Karlick & Buckley and Gary Kalos, for appellee.
Before JORGENSON, LEVY, and SHEVIN, JJ.
PER CURIAM.
The Florida Insurance Guaranty Association (FIGA) appeals from a final judgment entered for the plaintiff after a bench trial. For the following reasons, we reverse.
On September 22, 1998, Jones filed this declaratory action against FIGA. Plaintiff asserted that FIGA is responsible for payment of a $50,000 judgment obtained in 1994 in a negligence action against the insured of an insolvent insurer. After a non-jury trial, the trial court entered judgment against FIGA, finding that the suit was not barred by statute of limitations. See § 631.68 Fla. Stat. (1996). FIGA appeals.
The 1998 declaratory action is barred under the one-year limitations period for actions against either the insured or the guaranty association. See § 631.68, Fla. Stat. (1996); Queen v. Clearwater Electric, Inc., 555 So.2d 1262, 1264 (Fla. 2d DCA 1989) (holding that "an action against the insurer and/or the association arising out of the coverage provided by the insolvent carrier is barred if not instituted within the one-year time"). In this case, the plaintiff sued neither an insured, nor FIGA within the one-year limitations period. The preceding 1990 negligence action against the insured has no bearing on this case.
We have found no authority to support the plaintiff's contention that this 1998 declaratory *484 action against FIGA relates back to the 1990 negligence action against the insured. The 1998 declaratory action is completely separate from the 1990 negligence suit. Cf. Garcia v. McLean, 355 So.2d 504 (Fla. 1st DCA 1978) (holding that where suit is dismissed and becomes final, with no appeal having been taken, the subsequent suit was a completely new cause of action barred by the expiration of the statute of limitations); Webb v. Chambly, 584 So.2d 216 (Fla. 4th DCA 1991) (holding that where plaintiffs in negligence action filed claim with FIGA before deadline, but voluntarily dismissed action and re-filed eight months later, action was too late). The suit is barred by section 631.68.
Accordingly, the judgment is reversed and the cause is remanded for entry of final judgment in favor of FIGA.
REVERSED AND REMANDED.