LOGUE, J.
On November 10, 2009, Maiko A. Xavier and Gricell B. Perez (“the Buyers”) commenced a lawsuit against Leviev Boy-melgreen Marquis Developers, LLC (“the Developer”) for the return of a $175,000 deposit relating to a real estate transaction dating back to August 2, 2005. The Buyers’ amended complaint was dismissed with prejudice on the grounds that it was filed outside the four-year statute of limitations. The Buyers appeal the dismissal.
If this case involved a standard cause of action for the violation of the terms of a real estate contract, it would be time-barred. The Buyers allege, however, that the transaction between the parties was far from usual. As a result of the Buyers’ allegations, the statute of limitations defense cannot be conclusively established as a matter of law from the face of the complaint. For this reason, we reverse and remand.
I.
In the amended complaint at issue, the Buyers alleged that they signed a pre-construction agreement to purchase unit 5005 in the Marquis, a condominium being built at 1100 Biscayne Boulevard in Miami, Florida. Attached to the amended complaint is a copy of the thirteen-page, single-spaced sales agreement for unit 5005, which details the parties’ rights and obligations. The sales agreement provides for, among other things, a purchase price of $875,000, an initial deposit of $87,500, and a subsequent deposit of an additional $87,500, cancellation within certain time limits, and return of deposits within thirty days of cancellation.
At this point, this straightforward real estate transaction detoured onto a road less traveled. The Buyers alleged that the sales agreement was canceled on August 2, 2005, the same day that it was signed. The Buyers attached to the amended complaint a signed and dated document entitled “Receipt, Agent Certification, and Cancellation Page,” which may support their claim in this regard.
The Buyers alleged that they canceled the sales agreement based upon the Developer’s oral representation that they could “swap” unit 5005, which had a city view, for a different unit, which had a bay view. In reliance upon “the understanding that a forthcoming written Agreement would be provided to them reflecting the correct bayside-view condominium,” the Buyers left their initial deposit with the Developers, and even made a second deposit, on an unstated date. The Buyers alleged that they inquired on undated occasions regarding “delivery of the corrected written agreement.”
Although several years passed with the Developer holding the deposits and without a new written contract, the Buyers maintain that they had no reason for concern until almost four years later, when the Developers gave formal notice that the closing on unit 5005 would occur on August 17, 2009. Until that notice, the Buyers assert, they had no reason to believe that the Developer intended to enforce the original sales agreement. The Buyers ultimately filed an amended complaint sounding in unjust enrichment, conversion, and fraudulent inducement.
The Developer moved to dismiss the amended complaint on the basis that the applicable statutes of limitations had run. The trial court dismissed the case with prejudice. This appeal followed.
*775 II.
A trial court’s ruling on a motion to dismiss based on the statute of limitations is a question of law reviewed de novo. Saltponds Condo. Ass’n v. Walbridge Aldinger Co., 979 So.2d 1240, 1241 (Fla. 3d DCA 2008). In ruling on a motion to dismiss, all well-pled facts in the complaint are accepted as true; all reasonable inferences from those facts must be found in favor of the plaintiff; and exhibits to the complaint become part of the pleading. Blue Supply Corp. v. Novos Electro Mech, Inc., 990 So.2d 1157, 1159 (Fla. 3d DCA 2008); Thrasher v. First Nat’l Bank of Miami, 288 So.2d 288, 289 (Fla. 3d DCA 1974); Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”).
The statute of limitations for fraud is four years. § 95.11(3)(j), Fla. Stat. (2009). The four years, however, runs “from the time that the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.” § 95.031(2)(a), Fla. Stat. (2009). In light of the alleged facts, and the principles governing the review of a motion to dismiss, we cannot say as a matter of law that the exercise of reasonable diligence would have caused the Buyers to have discovered the alleged fraud more than four years before November 10, 2009, the date this lawsuit was filed. Such a finding, if any, could only be based on a much more developed factual record than that before us.
The statute of limitations for conversion and unjust enrichment are, similarly, four years. The determination as to when these causes of action accrued and when the statute of limitation expired is also dependent on the development of a more detailed factual record. The date of the alleged conversion of the second deposit, for example, cannot be determined without knowing the date the deposit was made.
Because the face of the complaint does not establish that this action is time-barred, we reverse and remand for proceedings consistent with this opinion.