NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MADELINE BETANCOURT and NIVIA )
MALGAREJO, )
)
     Appellants, )
)
v. )    Case No. 2D13-265
)
FLORIDA INSURANCE GUARANTY )
ASSOCIATION, INC., )
)
     Appellee. )
_____)

Opinion filed October 10, 2014.

Appeal from the Circuit Court for
Hillsborough County; Charles E. Bergmann,
Judge.

Thomas W. Thompson and A. Lee Smith
of Thompson Trial Group, P.A., Tampa, for
Appellants.

Hinda Klein of Conroy, Simberg, Ganon,
Krevans, Abel, Lurvey, Morrow & Schefer,
P.A., Hollywood, for Appellee.

SILBERMAN, Judge.

        Madeline Betancourt and Nivia Malgarejo (the Homeowners) appeal a

final summary judgment in favor of Florida Insurance Guaranty Association (FIGA). The

trial court determined that the applicable statutes of limitation barred the Homeowners'

action against FIGA for breach of contract and declaratory judgment regarding a

sinkhole loss. Because the action is time barred under sections 95.11(5)(d) and 631.68, Florida Statutes (2009), we affirm the final summary judgment.

The Homeowners sustained a sinkhole loss on December 15, 2009. The insurer, Magnolia Insurance Company, was ordered liquidated on April 30, 2010. The liquidation order provided that the deadline for filing claims against FIGA was May 2, 2011. The Homeowners timely filed a notice of claim with FIGA on January 13, 2011, and a proof of claim on January 31, 2011.

FIGA made a payment to the Homeowners on May 4, 2012. The Homeowners were not satisfied with the amount and filed suit against FIGA on May 22, 2012. FIGA raised the statutes of limitation as one of its affirmative defenses. The Homeowners filed a reply with a general denial to the affirmative defenses but did not assert that the parties had agreed to any extension of time.

The trial court properly determined on FIGA's motion for summary judgment that the Homeowners' lawsuit was barred by the one-year statutes of limitation set forth in sections 95.11(5)(d) and 631.68. Section 95.11(5)(d) requires the commencement of suit within one year for "[a]n action against any guaranty association and its insured, with the period running from the date of the deadline for filing claims in the order of liquidation." Section 631.68 provides as follows:

> A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within 1 year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured.

Based on these clear statutory provisions, the Homeowners were required to file suit against FIGA by May 2, 2012, within one year of the deadline for filing claims provided in the order of liquidation. See Fla. Ins. Guar. Ass'n v. Garcia, 614 So. 2d 684, 685 (Fla. 2d DCA 1993); Webb v. Chambly, 584 So. 2d 216, 216-17 (Fla. 4th DCA 1991); Montano v. Fla. Ins. Guar. Ass'n, 535 So. 2d 658, 659 (Fla. 3d DCA 1988); see also Fla. Ins. Guar. Ass'n v. Jones, 802 So. 2d 483, 483 (Fla. 3d DCA 2001) (citing section 631.68 and stating that a declaratory action was "barred under the one-year limitations period for actions against either the insured or the guaranty association").

In opposition to summary judgment, there was nothing to contradict the time frame of the May 2, 2011, deadline for filing a claim and thus the May 2, 2012, deadline to file suit. Nothing showed, or even raised an inference, that FIGA extended the deadline for filing claims, which would have altered the deadline for filing suit. See Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So. 2d 396, 398 (Fla. 2d DCA 2000) (stating that summary judgment is proper "when no genuine issue of material fact exists after all reasonable inferences have been drawn in favor of the nonmovant"). Because the action against FIGA was untimely, we affirm the final summary judgment.

Finally, we observe that the one-year statutes of limitations contained in sections 95.11(5)(d) and 631.68 may compel claimants to file lawsuits against FIGA before FIGA has completed the processing of their claims and made satisfactory payments. Such lawsuits may later prove to be unnecessary, depending on the outcome of the claims adjustment process. A statutory change in the limitations period to extend the time for filing such lawsuits until the adjusting process has been completed by FIGA may be sensible, but that is a matter for the legislature.

Affirmed.

ALTENBERND and KELLY, JJ., Concur.