IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PATRICIA MORRISON,

      Appellant,

v.                                        Case No.  5D15-4312

HOMEWISE PREFERRED INSURANCE
COMPANY AND FLORIDA INSURANCE
GUARANTY ASSOCIATION,

      Appellees.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Hernando County,
Richard Tombrink, Jr., Judge.

Michael V. Laurato, Kimberly Hendee,
Hannah Austin, and Christopher Tumminia,
of Austin & Laurato, P.A., Tampa, for
Appellant.

Dorothy V. DiFiore, of Quintairos, Prieto,
Wood & Boyer, Tampa, for Appellee Florida
Insurance Guaranty Association.

No Appearance for Appellee, Homewise
Preferred Insurance Company.

SAWAYA, J.

      The Legislature adopted the Florida Insurance Guaranty Association Act ("FIGA

Act")[1] for the stated purpose of preventing losses to claimants and policyholders after

---

[1] §§ 631.50-.70, Fla. Stat. (2011).

their insurers have become insolvent. § 631.51(1), Fla. Stat. (2011). The FIGA Act is administered by the Florida Insurance Guaranty Association, Inc. ("FIGA"), and contains a statute of limitations found in section 631.68, Florida Statutes (2011). Another applicable statute of limitations is found in section 95.11(5)(d), Florida Statutes (2011). The issue presented in this case is whether an insured, who had filed a first-party action to recover policy benefits against the insurer prior to it becoming insolvent, must file suit against FIGA within the limitation periods of these statutes to recover under the FIGA Act.

This issue arose when Patricia Morrison filed a motion to amend her complaint alleging breach of her insurance policy (originally filed against Homewise Preferred Insurance Company ("Homewise"), prior to it becoming insolvent) to include FIGA as a defendant. Morrison also filed a motion to substitute FIGA as defendant in the suit. The trial court denied these motions as untimely and dismissed her suit with prejudice, concluding that Morrison failed to file suit against FIGA within the time period prescribed in the statutes of limitation previously cited.

The underlying suit Morrison filed against her insurer, Homewise, is founded on a homeowners insurance policy that contained provisions for sinkhole coverage. When Morrison's home suffered physical damage allegedly caused by sinkhole activity, she notified Homewise and filed a claim for benefits. Homewise denied the claim, and Morrison filed suit for breach of the insurance policy. Homewise filed an answer denying the allegations in the complaint and containing numerous affirmative defenses. While the lawsuit was pending, Homewise met its financial demise and became insolvent.

A consent order was entered appointing the Department of Financial Services as receiver for Homewise for purposes of rehabilitation and issuing an automatic mandatory

2

stay under section 631.041(1), Florida Statutes (2011), of all legal proceedings against Homewise. We momentarily digress to note that section 631.67, Florida Statutes (2011), provides other stay provisions that apply to FIGA, which will become pertinent to the discussion later. The trial court stayed the case based on the consent order. Homewise was declared insolvent, and FIGA was activated to handle covered claims. Thereafter, FIGA notified Morrison it had been reassigned her claim due to the insolvency of Homewise.

When Morrison subsequently filed the motions to amend her complaint and for substitution of parties to name FIGA as a defendant in her pending lawsuit, the time limitation provided in sections 95.11(5)(d) and 631.68 had expired. After the trial court denied these motions and dismissed her suit with prejudice, Morrison filed this appeal, contending that the statutes of limitation do not apply because her lawsuit was filed against Homewise prior to its insolvency. FIGA contends that the general provisions of the FIGA Act required that Morrison file suit against FIGA within the prescribed limitation period and that, because her motions to make FIGA a party were not timely filed, the trial court's rulings should be affirmed. Resolution of the issue before us requires analysis of the two statutes of limitation and other pertinent provisions of the FIGA Act.

The statutes of limitation both specify a time limitation period of one year. The first is found in the FIGA Act and states:

> A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within 1 year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured.

3

§ 631.68, Fla. Stat. (2011). The second statute states that the limitation period applies to "[a]n action against any guaranty association and its insured, with the period running from the date of the deadline for filing claims in the order of liquidation." § 95.11(5)(d), Fla. Stat. (2011). "Both of these statutes . . . must be read in *pari materia* to obtain a consistent result." Queen v. Clearwater Elec., Inc., 555 So. 2d 1262, 1265 (Fla. 2d DCA 1990) (citing §§ 631.68, 95.11(5)(d), Fla. Stat. (1983)).

If a first-party suit is not filed against the insurer before insolvency occurs, the insured is required to file its action against FIGA before the limitation periods in sections 95.11(5)(d) and 631.68 expire. See Betancourt v. Fla. Ins. Guar. Ass'n, Inc., 153 So. 3d 936, 937 (Fla. 2d DCA 2014). However, where a first-party suit was filed before the insurer became insolvent, the statutes of limitation by their own terms do not apply. Both statutes refer to instances where suit has not been filed. They do not refer to pending suits. See Fla. Ins. Guar. Ass'n, Inc. v. Mendoza, 193 So. 3d 940, 944 (Fla. 3d DCA 2016) ("Section 631.68 bars suits that have not yet been filed (in other words, non-pending lawsuits) from being filed more than one year beyond the deadline for filing claims with the receiver for the insolvent insurer.").

Moreover, section 631.68 should not be read in isolation from the stay provisions of the FIGA Act. There are two stay provisions. The first automatically and permanently, as a matter of law, stays all cases against an insolvent insurer when the Department of Finance files a delinquency petition against the insolvent insurer. § 631.041(1), Fla. Stat. (2011). The second, which is relevant to this discussion, provides in pertinent part that "[a]ll proceedings in which the insolvent insurer is a party . . . shall be stayed for 6 months . . . to permit proper defense by the association of all pending causes of action as to any

4

covered claims." § 631.67, Fla. Stat. (2011). This stay is specific to FIGA. The reference to "pending causes of action" clearly evinces that the Legislature intended the stay to apply to actions that have already been filed against the insurer. It would make little sense to stay a pending action to allow FIGA time to undertake defense of the suit and also require that suit be filed against FIGA within the limitation period. See City of Boca Raton v. Gidman, 440 So. 2d 1277, 1282 (Fla. 1983) (stating that when courts construe statutes, "[t]he law favors a rational, sensible construction").

Equally important, our analysis of the pertinent statutes and case law takes into consideration the requirement that the FIGA Act be "liberally construed" to effectuate the purposes for which it was enacted. § 631.53, Fla. Stat. (2011). Those purposes provide aid and guidance to courts when interpreting the FIGA Act's various provisions. Id. As previously explained, one of the stated purposes is to protect insureds from financial losses resulting from the insolvency of their insurers. See Fla. Ins. Guar. Ass'n, Inc., v. Devon Neighborhood Ass'n, Inc., 67 So. 3d 187, 190 (Fla. 2011) ("The FIGA act is expressly designed to protect the insured, rather than the insurance industry."). It would be antithetical to that purpose if the courts required an insured, like Morrison, who has filed suit against her insurer prior to insolvency, subsequently to initiate suit against FIGA within specified time limits contained in statutes clearly intended to apply to suits that have not been filed.

We believe that the clear meaning of the statutory provisions we have analyzed leads to the conclusion we have reached. We also believe that our interpretation comports with the statutory provisions that make FIGA "the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties,

5

defenses, and obligations of the insolvent insurer as if the insurer had not become insolvent." § 631.57(1)(b), Fla. Stat. (2011); see also § 631.57(1)(a)1.a., Fla. Stat. (2011) (stating that FIGA shall "[b]e obligated to the extent of the covered claims" that exist "[p]rior to adjudication of insolvency and arising within 30 days after the determination of insolvency"); Mendoza, 193 So. 3d at 945. The delineation of FIGA's obligations as an insurer regarding covered claims under the policy vitiates the need to have it separately sued or served with process when that was essentially accomplished in the suit previously filed against the insurer prior to its insolvency.

In Mendoza, which is strikingly similar to the instant case, the Third District Court came to the same conclusion. In affirming the trial court's order granting the insured's motion to substitute FIGA as a defendant in the pending first-party action, the court explained:

> Section 631.68 must be read in harmony with section 631.67, and all other related provisions of chapter 631, in order that the objectives of each of the chapter's provisions not be sacrificed. We must construe related statutes in harmony with each other. Vill. of Doral Place Ass'n v. RU4 Real, Inc., 22 So. 3d 627, 631 (Fla. 3d DCA 2009). Against this backdrop, we conclude that the limitations period in section 631.68 is inapplicable to first-party lawsuits pending against the insurer when the insurer is declared insolvent.

193 So. 3d at 945-46. We agree with this rationale.

FIGA presents a number of reasons why it believes that the Mendoza decision portends dire consequences for its ability to handle claims under the FIGA Act and should not be followed by this court. At the forefront of its parade of horribles is FIGA's broad declaration that Mendoza is wrongly decided. FIGA therefore implores this court to adopt a different interpretation of the statutes of limitation that makes them applicable to pending

6

first-party suits. We decline to do so because such an interpretation would violate our judicial obligation to construe statutes in accordance with their plain meaning to effectuate the intent of the Legislature. See G.E.L. Corp. v. Dep't of Envtl. Prot., 875 So. 2d 1257, 1264 (Fla. 5th DCA 2004). If FIGA does encounter difficulties emanating from our construction of the FIGA Act, and we do not believe it will, FIGA's recourse is amendment through the legislative process rather than judicial rewriting of the pertinent statutory provisions. See id.

We conclude that section 631.68 and section 95.11(5)(d) do not apply to first-party actions filed against the insurer prior to its insolvency. Therefore, the trial court erred in applying the limitation period to Morrison's suit and dismissing her suit with prejudice. Her motions to amend the complaint and substitute parties should have been granted, and her suit should have been allowed to proceed against FIGA. Accordingly, we reverse the orders denying Morrison's motions and remand this case to the trial court for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EDWARDS, J., and BLACKWELL, A.L., Associate Judge, concur.