# Third District Court of Appeal

## State of Florida

Opinion filed March 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0981
Lower Tribunal No. 22-2842 CC

_____


**Ray Medical Center, Inc.,
a/a/o Mairo De Leon,**
Appellant,

vs.

**Florida Insurance Guaranty Association,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Law Offices of Carlos Cruanes, P.A., and Carlos Cruanes, for appellant.

Conroy Simberg, and Hinda Klein (Hollywood), for appellee.


Before GORDO, LOBREE and BOKOR, JJ.

BOKOR, J.

Ray Medical Center, Inc., appeals the dismissal with prejudice of its complaint seeking payment of personal injury protection (PIP) benefits assigned from Mairo de Leon, who was insured by the now-defunct Windhaven Insurance Company. Appellee, the Florida Insurance Guaranty Association (FIGA), moved to dismiss on the basis that the action was not timely filed within one year of the claims deadline, as required by section 631.68, Florida Statutes.[1] The trial court agreed. Ray Medical Center

---

[1] FIGA is a State-run nonprofit corporation created by statute to cover certain claims filed with insolvent insurers before they became insolvent. As the Florida Supreme Court has explained:

> FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent. Under Florida's statutory insurer liquidation system, when an insurer becomes insolvent, FIGA becomes obligated to respond to covered claims that arise prior to adjudication of the insurer's insolvency and within a specified period after insolvency. FIGA is strictly a creature of statute. Thus, the statutory language defines the extent of FIGA's obligations. FIGA is not responsible for claims against an insurer that do not fall within FIGA's statutory obligations.

Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So. 3d 187, 189–90 (Fla. 2011) (quotations and citations omitted); see also § 631.57(1)(b), Fla. Stat. (providing that FIGA shall "[b]e deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, defenses, and obligations of the insolvent insurer as if the insurer had not become insolvent").

appeals, arguing that the limitations period should have been tolled for 30 business days pursuant to section 627.736(10)(e), Florida Statutes.[2] Because such tolling is inapplicable here, we affirm.

"A trial court's ruling on a motion to dismiss based on the statute of limitations is a question of law reviewed de novo." Xavier v. Leviev Boymelgreen Marquis Devs., LLC, 117 So. 3d 773, 775 (Fla. 3d DCA 2012). In reviewing such motion, we accept all well-pled allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. Dismissal with prejudice due to a statute of limitations is proper only when the facts of the complaint conclusively establish that the action is time-barred and that amendment of the complaint would be futile. See, e.g., Banks v. Alachua Cnty. Sch. Bd., 275 So. 3d 214, 214–15 (Fla. 1st DCA 2019); Bott v. City of Marathon, 949 So. 2d 295, 296 (Fla. 3d DCA 2007).

Here, Windhaven Insurance Company was liquidated and placed into a receivership on December 30, 2019, with a claims deadline of January 6, 2021. The one-year statute of limitations from the claims deadline, therefore,

---

[2] Ray Medical Center also argues that the limitations period should have been tolled due to equitable estoppel. However, because these arguments were not raised below until Ray Medical Center's motion for rehearing, we find them to be unpreserved. See Trinchitella v. D.R.F., Inc., 584 So. 2d 35, 35 (Fla. 4th DCA 1991) ("We cannot consider the issues raised for the first time in a motion for rehearing in the trial court."); Bay Rag & Grading, Inc. v. C & H Clothing, Inc., 652 So. 2d 893 (Fla. 3d DCA 1995) (same).

places Ray Medical Center's deadline for suing FIGA to recover as an assignee of Mr. de Leon on or before January 6, 2022. See § 631.68, Fla. Stat. ("A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within 1 year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured."); Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 451 (Fla. 2005) (agreeing that section 631.68 requires actions be brought within one year of the claims deadline). Ray Medical Center filed the complaint on February 8, 2022.

Ray Medical Center's sole preserved argument is that trial court failed to find that the limitations period was tolled for 30 business days upon service of presuit notice as required by the Florida Motor Vehicle No-Fault Law. See § 627.736(10)(e), Fla. Stat. ("The applicable statute of limitation for an action under this section shall be tolled for 30 business days by the mailing of the notice required by this subsection."). However, this statute operates only to toll the "statute of limitation for an action *under this section.*" Id. (emphasis added). The applicable statute of limitations for an action against FIGA derives from section 631.68, not the No-Fault Law. See Morrison v.

4

<u>Homewise Preferred Ins. Co.</u>, 209 So. 3d 682, 683 (Fla. 5th DCA 2017) ("If a first-party suit is not filed against the insurer before insolvency occurs, the insured is required to file its action against FIGA before the limitation periods in sections 95.11(5)(d) and 631.68 expire." (citing <u>Betancourt v. Fla. Ins. Guar. Ass'n, Inc.</u>, 153 So. 3d 936, 937 (Fla. 2d DCA 2014))). Because the underlying first-party suit was filed after insolvency, the complaint was untimely and dismissal with prejudice was proper.

Affirmed.